# Betts v. Cobbs, Ex'r.

*Petition to Remove Executor for Failing to Make Bond.*

1. *Creditor of estate may require bond of executor.*—A creditor of an estate has the right under the statute—Code, § 67—to require the executor who has been relieved from bond by the will of his testator, to make bond—the creditor being a person interested within the meaning of the statute.

2. *Order of court that executor make bond not appealable.*—An order of the probate court that an executor give bond, without more, is not an order that can be appealed from. And, even assuming that it could be appealed from, a supersedeas bond would be necessary to prevent the execution of the order pending the appeal; since an appeal, if properly taken, does not suspend the operation of the judgment or order appealed from when security for costs only is given.

3. *Order to make bond when properly used as evidence.*—On the trial of a petition to remove an executor for failing to give bond when he is so ordered by the probate court, the order that the executor give bond is proper evidence, although an

[Betts .v. Cobb.]

appeal is pending from the action of the court requiring him to make bond.

4. *Disposition of estate by executor, when proof of proper to be made.*—On the trial of a petition to remove an executor who has not given bond as required by order of the probate court, the disposition made by him of the property, real and personal, of the estate is a proper subject of inquiry.

5. *Trust created by will cannot prejudice creditor of testator.*—A trust in executors created by a testator in his will for the beneficiaries of his estate, cannot be rightfully exercised in their favor to the prejudice of a creditor of the estate, or in favor of one such creditor against another.

APPEAL from the Probate Court of Conecuh.

Tried before JOHN D. BURNETT, Esq., Special Judge.

Mrs. Orrie A. Cobb departed this life leaving a last will and testament with John M. Cobb named as executor. Bond of executor was waived. John M. Cobb qualified and took charge of the estate; and while he was so acting as executor, J. F. Betts, a creditor of the estate, filed his petition in the probate court of Conecuh county, where the administration was pending praying that the said executor be required to make bond. The petition was granted, and the administrator was ordered to execute bond in a sum named. From this order an appeal was taken to the Supreme Court, but no supersedeas bond was given. Pending this apeal, and after the expiration of the time within which the bond was required to be made, Betts again applied to the probate court to remove said executor, because of his failure to make bond as required. The order requiring the executor to make bond was offered in evidence on the trial of the issue to remove the executor, and on objection was excluded by the court. The court also permitted evidence to be introduced to show what disposition the executor was making of the estate; it being charged against him that he was disposing of it illegally. The petition to remove was denied, and from this decree this appeal is taken.

G. R. FARNHAM and J. F. JONES, for appellant, cited *Smith v. Philips*, 54 Ala. 8.

No brief for appellee came to the reporter.

SHARPE, J.—The power of a testator to exempt his executor from giving bond to secure the performance of his duties is given alone by statute.—Code, 67. The same statute places a limitation upon the power so that in addition to the authority vested in the probate judge to require such bond of his own motion when the estate is likely to be wasted, any person interested in the estate may do so upon showing his interest and that it is or will be endangered for want of security.

In *Smith v. Phillips,* 54 Ala. 8 it was held that a creditor is a person interested within the meaning of the statute, and the theory of such interest was said to be that the law charges the whole property of the decedent primarily with the payment of his debts subject to legal exemptions.

The order of the probate court requiring bond of the appellee which was offered in evidence by the appellant appears to have been made upon regular proceedings on the hearing of his application to require the appellee to give bond whereat the appellee appeared and unsuccessfully attempted to show cause against the application. We are not informed by the record of the ground upon which the order was objected to or upon which it was excluded by the court, but recognizing no other ground we presume its exclusion was for the reason that it had been appealed from.

We think the ruling was erroneous for the reason that the order was not such as could be appealed from. It did not order the executor's removal in case he failed to give the bond and until such order of removal was made the status of the executor was unchanged and the interest of no one was altered by the order.

In *Boynton v. Nelson,* 46 Ala. 501, it was said by Justice Saffold of a similar provision for requiring additional bonds (Code, § 93) : "I imagine no appeal can be taken from the order requiring the additional bond, because none is expressly given, and it is not a final order. The party cannot be said to be injured unless he is removed. Besides, if he give the bond, his liability is not thereby increased beyond what it should be, and if he fail

[Betts v. Cobb.]

to do so he has his remedy on his appeal from the order removing him." '

This conclusion is further strengthened by the fact that special provision is made for an appeal from an order of removal, Code, § 458, in which case a special bond is required to prosecute the appeal to effect, and until the same is decided faithfully to discharge his duties as such executor or administrator.—Code, § 461.

That the court may be forestalled in its efforts to conserve an estate by the taking of an appeal without securtiy against its maladministration is not in consonance with the policy of the statutes, and if an appeal could lie from an order merely requiring bond the necessity for such special bond would be as great as in case of appeal upon removal.

In *Allen v. Draper,* 98 Ala. 590, the appeal entertained without objection was from an order both requiring bond and ordering removal of the administrator if the bond was not given, and in *Johnson v. Clements,* 14 So. Rep., 14, which was an appeal from the chancery court no question was raised as to whether the order was appealable.

If it be assumed that the order requiring the bond was appealable still it could not operate to supersede the execution or enforcement of the order without a supersedeas bond.—Code, § 442. When security for costs only is given, the appeal if properly taken suspends the power of the probate court over the judgment or order appealed from but does not suspend its operation. In such case "whatever measures are necessary for the execution of the decree, it is the duty of the court on the application of a party in interest to pursue as if the appeal had not been taken."—*Ex parte Hood,* 107 Ala. 520.

The execution of such order lies in its enforcement by the removal of the executor for failure to give the bond required.—Code, § 92. Such failure being a ground for removal of the executor the order should have been received in evidence notwithstanding the appeal to the circuit court.

The trust created by the will of Mrs. Cobb is one in which her creditors are not provided for and in whch they have no interest. Their rights in the estate depend

[Shorter, Adm'r. v. Southern Railway Co.]

not upon the will and they are bound neither by its disposition of the property or the authority it confers upon the executor to manage and dispose of assets in his hands. In the execution of the trust and as between its beneficiaries and himself the power to dispose of property may be ample, but it cannot rightfully be exercised in their favor to the prejudice of the creditor or in favor of one creditor as against another.

The disposition made by the appellee of the property, real and personal, belonging to the estate was the proper subject of inquiry upon the trial. The question asked by the appellant as to the sale of land to Stallworth called for evidence relevant to that inquiry, though its weight may have depended upon further evidence. The objection to that question should have been overruled.

For the errors mentioned the judgment appealed from must be reversed and the cause will be remanded.