PEOPLE'S TRACTION COMPANY et al.

v.

CENTRAL PASSENGER RAILWAY COMPANY.

[Filed July 1st, 1904.]

A litigant, against whom a cause has been finally decided in the supreme court, who has in good faith promptly taken a writ of error to the court of errors and appeals, which he is diligently prosecuting, and who is unable to secure from any law court a restraint against such a change in the *status* of the subject-matter of the controversy as may make nugatory the judgment of the court of review when pronounced, has (if the matter in dispute is one worthy to be considered by a court of justice) an independent equity, which this court will recognize and protect, to prevent his successful opponent from radically altering the situation of the subject-matter in dispute pending the determination of the writ of error.

On bill for injunction.   On rule to show cause, &c.

*Mr. Eli H. Chandler,* for the complainants.

*Mr. Clarence L. Cole,* for the defendant.

GREY, V. C.

One of the complainants, the People's Traction Company, is a trolley company, incorporated under the act of March 14th, 1893 (*Gen. Stat. p. 3235*), which claims that it has, by filing a description of the route on December 23d, 1903, acquired the exclusive right to build a line of street railway over certain streets in Atlantic City (among others over Virginia avenue) for a period of six months thereafter.   The other complainant, Corson, is the owner of a lot of land lying on and in that avenue.

The complainants allege that the defendant company, which was incorporated under the Street Railway act of 1886, subse-

quently to the acquirement by the complainant company of its aforesaid exclusive right to lay a street railway in Virginia avenue, has secured an ordinance from the city of Atlantic City authorizing the defendant company to build and operate a line of street railway over the same streets (among others, in Virginia avenue) in which the complainant company contends it had already obtained its exclusive right.

That the validity of the defendant company's ordinance has been challenged by the complainant company by a writ of *certiorari*, allowed by the supreme court, in the case entitled *People's Traction Co.* v. *Atlantic City et al.* That a hearing has been had of that cause in that court, and judgment has been there rendered in favor of the defendant company and adverse to the complainants. That a writ of error has been promptly taken by the complainants, removing the judgment of the supreme court into the court of errors and appeals, where the cause now remains pending but undetermined.

It further appears that the defendant (the Central company), while the complainant (the People's company) is prosecuting its writ of error with diligence and in good faith, and before the cause can be heard, is about to construct its railway in and along Virginia avenue.

The complainant company prays that the defendant company may be enjoined from occupying Virginia avenue in derogation of the alleged exclusive right of the complainant company to construct a line of railway thereon, and the complainant Corson that the defendant may be restrained from tearing up said street and impeding and obstructing travel thereon, &c.

Upon the filing of the bill, copies of proceedings and affidavits annexed, an order was allowed to show cause returnable to-day (June 14th) why the complainants should not have the relief prayed for in their bill of complaint, with an *ad interim* stay, &c.

On the coming in of the order the defendant company filed an affidavit, showing that the supreme court, in the *certiorari* suit, in holding that the defendant company's ordinance was legal, had refused to allow a writ of *supersedeas* pending the

hearing of the writ of error, taken to review its judgment, because that court doubted whether it had the power to allow such a writ after final judgment pronounced.

The defendant's affidavit frankly admits that before the writ of error can be heard, which will finally determine whether its occupancy of Virginia avenue is lawful, it is proceeding to construct its railway on that avenue.

The question argued is whether the complainants are entitled to a preliminary injunction, restraining the defendant company from proceeding with the occupation of Virginia avenue, and thereon actually constructing its railway while its right so to do is challenged by a pending suit at law, which is as yet not finally determined.

.The effect of the proposed action of the defendant company will be radically to · change the *status* of the subject of the litigation before the pending suit regarding it can be determined, so that if the court of errors and appeals shall sustain the complainant company's contention that it has acquired the exclusive right under section 6 of the trolley statute to occupy Virginia avenue, the judgment of that court will be of no benefit to the successful litigant, for its exclusive right will have been destroyed by the action of the defendant company in constructing its own railway in Virginia avenue while the question was awaiting determination.

The situation is such that if this court refuses to act, so as to maintain the *status* of the subject-matter of the controversy until the judgment of the court of errors and appeals can be obtained, the complainant company is without remedy and must suffer the destruction of that element in its franchise which confers its greatest value.

The supreme court has delivered its final judgment, touching the exclusive right asserted by the complainant company, and, as the defendant's affidavit admits, has refused to allow a *supersedeas* to prevent the defendant company from proceeding with its occupation of the avenue in question. The court of errors and appeals, which undoubtedly has the power to protect the subject-matter of the litigation from a change which may defeat

its judgment (*Doughty* v. *Somerville Railroad Co., 7 N. J. Eq. (3 Halst.) 634*), is not in session and cannot act.

Under these circumstances the complainant company, remediless at law, invokes the aid of this court to prevent a change in the subject of the litigation by one of the litigants, which, if suffered to be accomplished, may make nugatory the judgment of the court of review.

The merits of the litigation between the parties in the suit at law are not involved in the equity asserted in this court by the complainant company, except as they show that there is a pending case, presenting a claim of right worthy of the consideration of a court, which the complainant is diligently prosecuting, involving a subject-matter which will be destroyed if the proposed action of the defendant company is not restrained.

The matter in dispute in the law court is novel, having arisen under a statute passed in 1893, and presents a question of importance, involving the acquirement of the exclusive privilege to occupy a street by a trolley company organized under that statute.

That a court of equity may restrain a change of the subject-matter of a litigation pending an appeal was declared by Chancellor Walworth, in *Hart* v. *Mayor of Albany, 3 Paige 380.* In that case the learned chancellor had dissolved an injunction which restrained the removal of a floating storehouse, which it was claimed had been placed in Albany basin contrary to an ordinance of that city. An appeal was taken from his decree to the court of errors and appeals. The successful party before the chancellor, proceeded to remove the floating storehouse. The appellant applied to the chancellor for an order restraining the defendants from proceeding under the ordinance, pending an appeal. Chancellor Walworth held that although the appeal from his order dissolving the injunction did not suspend the operation of that order, nor continue the stay, yet in a proper case an injunction ought to go restraining a proceeding by the defendants out of court, the effect of which would be to destroy the subject-matter of the litigation. This decision was put upon the express ground that the granting of such an order would

unquestionably be "an original exercise of judicial power over the parties in the cause" (at *p. 386*). This judgment is cited and commented upon with approval by Chief-Justice Green, delivering the opinion of the court of errors and appeals in the above-cited case of *Doughty* v. *Somerville Railroad Co.* (at *p. 636*).

It is suggested by the defendant that the complainant Corson, under *Hinchman* v. *Paterson Railroad Co., 17 N. J. Eq.* (*2 C. E. Gr.*) *75*, has no *status* to challenge the right of the defendant company to occupy the street, and that his presence in this suit as a complainant is a misjoinder. No demurrer has been filed presenting this question. The defendant, in its affidavit showing cause, deals only with the merits of the complainant's claim for the relief sought. In the *Paterson Railroad Case, ubi supra,* Chancellor Green, in terms, declared, regarding the objection that there was a misjoinder: "If this were the only objection, it would not be suffered to stand in the way of the order for an injunction."

In my view, the complainant company has an independent equity which entitles it to the aid of this court to prevent the defendant company from changing the situation of the subject of the litigation pending the determination of the court of errors and appeals.

No serious loss will be inflicted, upon the defendant company by this restraint. It has not yet constructed its railway on Virginia avenue. It is not presently realizing anything from the use of its railway. There need be no prolonged delay. The court of errors and appeals will shortly be in session. The complainants will be put upon terms to prosecute their writ of error with diligence, bringing the cause to hearing at this June Term, if the defendant company will join in waiving notice, &c.

A decree will be advised for a preliminary injunction restraining the defendant company in accordance with the prayer of the bill of complaint, until the decision of the court of errors and appeals on the writ of error taken to review the judgment of the supreme court in the case of *People's Traction Co. et al.* v. *Atlantic City et al.* shall be promulgated.