# Mobile & Birmingham R. R. Co. *v.* Louisville.& Nashville R. R. Co.

## *Bill for Injunction.*

### (Decided December 17, 1914. 67 South. 244.)

*Injunction; Grounds; Enforcement of Judgment Pending Appeal.*—Where one railroad company had secured from the probate court an order condemning the right to cross the track of another railroad, and pending the appeal to the circuit court, which subsequently denied the right to condemn, the petitioning railroad had taken possession under the statute without giving bond and paying damages into court, the petitioning railroad was entitled to injunction to prevent the other road from destroying its track at the crossing, pending the appeal which had been duly perfected from the judgment of the circuit court; the object of the bill not being to stay the judgment of the circuit court, pending the appeal, but to restrain a threatened trespass and to preserve the status quo.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by the Mobile & Birmingham Railroad Company, and others, against the Louisville & Nashville Railroad Company, and others, to restrain the latter road from interfering with complainant's crossing over respondent's track, pending an appeal in a condemnation proceeding denying that right. From a decree discharging a temporary injunction, complainant appeals. Reversed and rendered.

BESTOR & YOUNG, and STEVENS, McCORVEY & DEAN, for appellant.

GREGORY L. & H. T. SMITH, and WILLIAM G. CAFFEY, for appellee.

MAYFIELD, J.—Appellant Mobile & Birmingham Railroad Company. filed its application in the probate court of Mobile county to condemn a right of way across

the track of the Louisville & Nashville Railroad Company. This application was granted by the probate court, and the damages were fixed at $1,000. From this judgment the Louisville & Nashville Railroad Company appealed to the circuit court of Mobile county, where a trial de novo was had, resulting in the denial of the right to condemn the crossing. Pending the appeal to the circuit court, the Mobile & Birmingham Railroad Company executed a bond, and paid the amount of damages into court, as authorized by the statutes in such cases, and proceeded to construct the crossing. Upon the rendition of the judgment in the circuit court, the Mobile & Birmingham Railroad Company executed bond, as required by statute, and appealed to this court, and also filed this bill in the chancery court of Mobile county, alleging that the Louisville & Nashville Railroad Company, its servants, agents, or officers, were about to proceed to tear up complainant's track where it crossed the track of the Louisville & Nashville Railroad Company, as constructed by complainant pending the appeal to the circuit court. The bill sought only to restrain the defendants from thus tearing up the track of complainant, as was alleged to be threatened, and was in danger of being done, unless they were restrained therefrom by the court. The chancery court, without notice, issued a temporary injunction, as prayed, but on a subsequent hearing, on application to dissolve and discharge, granted the respondent's application to discharge the injunction, from which decree this appeal is prosecuted.

We are of the opinion that the chancellor erred in discharging the injunction. It appears from the opinion of the chancellor that he misconceived both the equity and the purpose of the bill. His opinion is as follows: "This cause coming on to be heard was sub-

mitted on motion to discharge and dissolve the injunc-
tion heretofore issued in this cause. It appears that the
relief sought by the bill of complaint is to stay the
judgment of the circuit court pending an appeal with-
out allegations of any independent equity, or of any
fraud, accident, mistake, or surprise in the judgment.
I am of opinion the chancery court has no jurisdiction
to grant such relief, and there is no equity in the bill.
—*Clarke v. Board of Education,* 76 N. J. Eq. 326, 74
Atl. 319; *Norwood v. L. & N. R. R. Co.,* 149 Ala. 163,
42 South. 683. It is therefore ordered, adjudged and
decreed that the motion to discharge and dissolve the
injunction heretofore issued in this cause be and the
same is hereby granted, and the injunction discharged."

The bill was not one to stay the judgment of the cir-
cuit court or of any other court; it sought no relief as
against that judgment or any other judgment. The sole
equity of the bill was to restrain a threatened trespass,
in the tearing up of complainant's railroad tracks which
had been laid in accordance with the law and the stat-
utes, until the correctness of the judgment in the cir-
cuit court could be tested by appeal, which was author-
ized by statute. The bill sought only to have the court
of chancery, by proper injunction or restraining order,
to maintain the status quo of the crossing, pending the
appeal from the circuit court to the Supreme Court.
This is a separate and distinct ground of equity juris-
diction, though jurisdiction for that purpose is not often
invoked or exercised.

The rule is thus stated in Cyc. (volume 22, p. 825):
"The unsuccessful party, in an action at law, may be
granted an injunction, where it appears that otherwise
there will be such a change in the status of the subject-
matter of the controversy as may render nugatory the
judgment of the court of review, when announced."

Such a case we find made by this record. See, also, 1 High on Injunctions, 538; Beach on Mod. Eq. Jur. § 710.

The law on the subject is well stated in the headnote to the case of *People's Traction Co. v. Central Passenger Railway Co.,* 67 N. J. Eq. 370, 58 Atl. 597: "A litigant, against whom a cause has been finally decided in the Supreme Court, who has in good faith promptly taken a writ of error to the Court of Errors and Appeals, which he is diligently prosecuting, and who is unable to secure from any law court a restraint against such a change in the status of the subject-matter of the controversy as may make nugatory the judgment of the court of review when pronounced, has (if the matter in dispute is one worthy to be considered by a court of justice) an independent equity, which this court will recognize and protect, to prevent his successful opponent from radically altering the situation of the subject-matter in dispute, pending the determination of the writ of error."—Syllabus by the Court.

The Supreme Court of the United States, speaking through that clear and concise justice, Mr. Field, has thus stated the doctrine upon which the equity of cases like this is based: "It was formerly the doctrine of equity, in cases of alleged trespass on land, not to restrain the use and enjoyment of the premises by the defendant when the title was in dispute, but to leave the complaining party to his remedy at law. A controversy as to the title was deemed sufficient to exclude the jurisdiction of the court. In *Pillsworth v. Hopton,* 6 Vesey, 51, which was before Lord Eldon in 1801, he is reported to have said that he remembered being told in early life from the bench 'that if the plaintiff filed a bill for an account and an injunction to restrain waste, stating that the defendant claimed by a title, adverse to his, he

stated himself out of court as to the injunction.' This doctrine has been greatly modified in modern times, and it is now a common practice, in cases where irremediable mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extraction of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though the title to the premises be in litigation. The authority of the court is exercised in such cases, through its preventive writ, to preserve the property from destruction, pending legal proceedings for the determination of the title.—*Jerome v. Ross*, 7 Johns. Ch. [N. Y.] 315, 322 [11 Am. Dec. 484] ; *Le Roy v. Wright,* 4 Sawy. 530, 535." *Erhardt v. Boaro,* 113 U. S. 537, 538, 5 Sup. Ct. 565, 566 (28 L. Ed. 1116).

This same doctrine has been recently announced and applied by this court, in an original hearing between these same parties, as to this same subject-matter, and relative to this same decree.

There are no decisions of this court, so far as we know, to the contrary; but we think the cases of *Southern Railway Co. v. Birmingham, Selma, & New Orleans Railway Co.,* 131 Ala. 663, 29 South. 191, and Id., 130 Ala. 660, 31 South. 509, by analogy, support our holding. The rule we here announce is not contrary to the rule often announced by us, that equity will not interfere where the controversy resolves itself into a naked dispute as to the strength of legal titles.—*E. & W. R. R. Co. v. E. T., V. & G. R. R. Co.,* 75 Ala. 283. The doctrine we here declare, or a kindred one, was announced by this court in the case of *Wadsworth v. Goree,* 96 Ala. 227, 10 South. 848. The decision is well stated in the second headnote of that case, as follows: "Injunction to Restrain Waste; When Damage Suffered is Not Recoverable at Law.—A bill which alleges that the complain-

[Mobile & Birmingham R. R. Co. v. Louisville & Nashville R. R. Co.]

ant, the owner of a sawmill, had acquired the legal title to heavily timbered land in the vicinity of his mill, for the purpose of obtaining timber to be converted into lumber, that he had brought ejectment for the land against the defendant, who was cutting and removing the timber, but that, owing to the crowded state of the docket, the case could not be tried before the next term of the court, and that, unless the defendant was restrained, all the timber suitable for sawmill purposes would be taken before there could be a trial of the ejectment suit, makes a case for an injunction, since, although the complainant might recover damages, in an action at law, for removal of the timber, he could not recover at law for the loss to him of the use of his mill, or for the loss of the profits to be derived from converting the timber into lumber."

The real merits of the rights of these litigants, as to the crossing in question, are now before this court, on the appeal from the circuit court, and will therefore be decided on that appeal. They cannot be decided on this appeal, because not litigated in the chancery court, from which this appeal is prosecuted. In fact, as before stated, the equity of the suit in chancery was to maintain the status quo, until the appeal from the judgment in the circuit court, which will settle the respective rights of the parties as to the crossing, can be determined.

The decree of the chancellor must be reversed; and one here rendered, restoring the injunction until the decision of this court is rendered on the appeal from the circuit court, above referred to in this opinion.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.