144 So. 819

**BOWDOIN v. BOWDOIN et al.**

4 Div. 645.

Supreme Court of Alabama.

Dec. 8, 1932.

J. C. Yarbrough, of Enterprise, for appellant.

---

[1] Ante, p. 187.

J. C. Fleming, of Elba, for appellees.

### KNIGHT, J.

It is made to appear from the bill in this cause that E. A. Bowdoin died on or about the 4th day of October, 1931, seized and possessed of a plantation in Coffee county, upon which he resided at the time of his death. This plantation contained in the aggregate 280 acres of land.

Shortly after his death, the will of the said E. A. Bowdoin was duly admitted to probate and record in the probate court of Coffee county, and J. J. Sessions duly qualified as executor thereof. The complainant, as widow, within the time, and in the mode prescribed by law, dissented from the will.

Homestead exemptions were set apart to the widow, and, on petition filed by the executor, dower in the residue of the lands was assigned to her. However, she filed exceptions to the report of the commissioners setting aside dower, and her exceptions were overruled, and the report was confirmed, and the allotment made by the commissioners was made "final and conclusive."

The complainant thereafter moved that the order of confirmation be set aside, but this motion was overruled by the court.

From the decree confirming the report of the commissioners, as well as from the order overruling the motion to set aside the decree of confirmation, the complainant appealed to the circuit court, and the appeal is there pending, and undetermined. The only bond given by the complainant to obtain the appeal to the circuit court was a cost bond, and no bond for supersedeas of the decree was given.

After the decree approving and confirming the report of the commissioners allotting dower was entered, the heirs at law or some of them, and who were the devisees of the land under the will, of said E. A. Bowdoin, and the said Jesse J. Sessions, as executor of said will, undertook to enter upon, and take possession of all the lands devised to them, except the part set aside by the commissioners as dower to the widow, and except the homestead.

The bill of complaint, which was filed on February 23, 1932, avers: "That the complainant is entitled to hold the possession of the entire tract of land until her dower is finally stated and determined but that the respondents herein * * * are interfering with and denying her right of possession. That the complainant and her tenants are now actively engaged in cultivating and planting of crops on said land, and that the said respondents have entered upon said lands with guns threatening to do complainant and her tenants bodily harm; and in fact by presenting said guns forcibly ran complainant's tenants from the field. That Jesse J. Sessions, as executor of the estate of E. A. Bowdoin, deceased, has instituted an unlawful detainer suit against Ed. Farmer, a tenant of complainant in the justice court of beat 17. and has served notice upon complainant and her tenants demanding possession of certain portions of said land and threatens numerous other unlawful detainer suits against complainant and her tenants, and is otherwise harassing and threatening complainant in her possession of said land, and with numerous suits and vexatious litigation." The prayer of the bill is for injunction restraining and enjoining the respondents from going upon said lands and interfering with complainant and her tenants in their possession until dower in said lands is "finally determined by a court of final resort."

It is fairly inferable from the bill that complainant has not been molested in any way in her possession of the dower and homestead land.

Upon the filing of this bill, a temporary injunction was issued in accordance with the prayer of the bill.

The respondents filed a sworn answer to the bill and moved the dissolution of the injunction. There is no footnote to the bill, and the oaths of respondents to the bill were not waived. In their answer, the respondents presented the decree of the court alloting and setting aside to complainant dower, describing the lands assigned to her. They specifically deny any interference with complainant or her tenants in the use and enjoyment of the dower land. They admit that an unlawful detainer suit has been filed against Ed. Farmer, and that other such suits were in contemplation to gain possession of the

lands, other than the part set aside to the widow for homestead and dower. The respondents also deny in positive terms that they had entered upon the lands with guns or threatened the complainant or her tenants, or that they ran the complainant or her tenants off the land.

The complainant's contention is that her appeal from the decree of the probate court to the circuit court had the effect of suspending the decree pending the appeal, and thereby to leave the complainant in the possession and enjoyment of the entire plantation until the appeal should be finally determined.

The complainant invokes the provisions of sections 7437 et seq. of the Code, to sustain her contention that she is entitled to retain the entire plantation, until her dower is assigned to her free of rent. The statute so provides. The appellees insist, however, that dower has been assigned in the mode and manner provided by law, and that she no longer has the right to retain the entire plantation against the heirs, or devisees. The complainant, while admitting that an allotment has been made, makes the insistence that her appeal from the decree of the probate court to the circuit court suspended the decree, and thereby gave her the right to retain all the lands, together with their use free of rent and free from interference by the heirs, until her appeal is finally determined in the circuit court, or "until the question of what her dower is, is finally determined by a court of last resort."

The widow, of course, had the right of an appeal from the decree confirming the report of the commissioners. This right of appeal is secured to her by section 6114 of the Code, upon giving bond as required by section 6121 of the Code.

■ The legal effect of the decree assigning dower to the widow was to terminate her right of quarantine, and to cut off her possessory right to all the lands of her deceased husband, which were not allotted to her by way of homestead exemptions and for dower, and, of course, to permit the heirs to enter upon and to take possession of the lands not included in either allotment. To that extent, it was a recovery by the heirs, or personal representative, as the case may be, of the lands as against the widow.

In the early case of Doe ex dem. Shelton v. Carrol et al., 16 Ala. 148, this court, in construing the progenitor of section 7437 of the Code, which is in all material aspects the same as section 7437, made this observation: "The object of the statute was to protect the widow in the enjoyment of the homestead and the rents and profits accruing therefrom, until her dower was assigned, and to make it incumbent on those entitled to the fee, whether they be the heirs at law or purchasers, if they desired to obtain possession of the portion to which they were entitled in the real estate, to become themselves the actors to have the widow's dower assigned to her. If they remain inactive and acquiesce in her possession, she is not subject to the payment of rent, nor to molestation. Until her dower is assigned, she holds the premises for an indefinite period and may rent them out and appropriate the proceeds to her own use."

This has been the construction placed upon this statute from the earliest history of the state to the present time. Quarantine is but an incident to dower, and, when dower has been assigned, the right of possession of the entire plantation ceases by force of the statute. Clancy v. Stephens, 92 Ala. 577, 9 So. 522, 524.

■ After the report of the commissioners assigning dower was confirmed by the court, the devisees of the land, other than those assigned to the widow, had the right to enter upon, and take possession of the same. Was this right of immediate entry cut off by the appeal to the circuit court on execution of the cost bond, without supersedeas? We are of the opinion it did not. In support of her contention that the appeal operated as a stay of all proceedings until the appeal was determined, we are cited to the case of Ex parte Cudd, 195 Ala. 80, 70 So. 721. This case is not analogous to the one now before the court. As was pointed out by the court in the Cudd Case, the decree there rendered, and from which the appeal was taken, required the performance of no act of the respondent, and certainly was not for the payment of any money, or for the recovery of property, real or personal, or the possession thereof, or for the sale of property, real or personal. It only taxed the defendant with costs, which are a mere incident of a suit, and do not arise from any inherent power of the court to award them. The court reached the conclusion in that case, that the appeal operated as a stay of execution for cost without supersedeas bond. We here call attention to the fact that the opinion in the Cudd Case, supra, is not completely reported in our bound volume, but a complete report thereof appears in the Southern Reporter, vol. 70, p. 721.

We are not unmindful of the fact that at common law, at least up to the year 1772, a writ of error operated by its own force as a supersedeas of the judgment appealed from, and we may add that this common-law rule prevails in this state, except as changed by statute. But this rule of ancient origin was modified to some extent in England as early as 1807, and in many cases Parliament passed a number of acts requiring security in certain cases in order that the writ might operate as a supersedeas. Up to 1772 it was supposed, in England, that an appeal had the effect of totally suspending the jurisdiction

of the lord chancellor as to the whole suit, until the decision of the lords on the appeal.

In the case of Lord Pomfret v. Smith, Palmer's Pr. H. of L. 9, which came before Lord Apsley at that time, he held that his jurisdiction was suspended only as to the matter appealed from, but that it was not totally suspended, so as to prevent a proceeding as to any other matter in the cause. This practice became so fully fixed and established there, that in the case of Burke v. Brown, in 1807, the House of Lords solemnly decided that an appeal did not stay any of the proceedings, *even upon the point appealed from,* without an express order of the appellate court, unless the lord chancellor, in the exercise of a judicial discretion, thought proper to suspend the proceedings wholly or in part pending the appeal. Palmer's Pr. 10, 15 Ves. 184; Hart v. Albany, 3 Paige (N. Y.) 381.

Inasmuch as the logical and legal effect of the decree confirming the report of the commissioners, setting aside dower to the complainant, was to terminate her right of quarantine and to cut off her possessory rights in all the lands, except the tracts allotted as homestead and dower, and to invest the heir with the immediate right of entry upon the remainder of the land, it is our judgment and conclusion that the appeal taken by the widow, without supersedeas bond, did not of its own force suspend the decree pending the appeal. Betts v. Cobb's Ex'r, 121 Ala. 154, 25 So. 692. It is our judgment and conclusion that, under section 6134 of the Code, the widow was authorized to execute a supersedeas bond, and thereby secure the suspension of the decree, pending her appeal. The amount of the bond to be fixed by the circuit judge, and the bond when executed to be approved by the clerk. This she did not do, but, instead of securing a suspension of the decree by giving a supersedeas bond, the widow has filed the present bill, seeking to maintain the status quo of the property and of her right to enjoy the same without molestation by the heirs or devisees by injunction. Such a bill must stand or fall upon the facts averred and which are relied upon to give the bill equity.

Upon the filing of the bill, the respondents filed an answer, including therein demurrers, challenging the equity of the bill. By their answer, the respondents denied having entered upon any of the lands set aside to the widow for exemptions or dower, and denied that they had by force excluded the complainant from the lands, but admitted that an unlawful detainer suit had been filed to recover part of the land, but not for any part of the land set aside to the widow, either by way of exemptions or dower, and they further admitted that other unlawful detainer suits had been contemplated, but not for the lands assigned to the widow.

The respondents filed motion to dissolve the temporary injunction issued upon the filing of the bill. The cause was submitted on this motion, on the denials contained in the answer, and for want of equity in the bill. The court granted the motion, and dissolved the injunction. From this decree the present appeal is prosecuted.

■ ■■ Does the bill contain equity? If it does not, without regard to the denials of the answer, the court properly dissolved the injunction.

In Corpus Juris, vol. 32, § 170, the principle is broadly stated: "Pending appeal the unsuccessful party in an action at law may be granted an injunction where it appears that otherwise there will be such a change in the status of the subject matter of the controversy as may render nugatory the judgment of the court of review when announced. But if the injury will be insignificant, or the remedy at law adequate, or if complainant has seemingly acquiesced in defendant's right and allowed him to make great expenditures, or if appellant fails to show a prima facie right, or if the statutes provide a remedy, an injunction should be denied."

The case of Mobile & Birmingham R. Co. v. L. & N. R. Co., 190 Ala. 417, 67 So. 244, 245, was a proceeding instituted by bill to restrain a threatened trespass, in the tearing up of complainant's railroad track which had been laid in accordance with the law and the statutes, until the correctness of the judgment in the circuit court could be tested by appeal, which was authorized by statute. The bill sought to have the court of chancery, by injunction, maintain the status quo of the crossing, pending the appeal from the circuit to the Supreme Court. In this case, this court, speaking through the late Justice Mayfield, observed: " 'It is now a common practice, in cases where *irremediable mischief is being done or threatened, going to the destruction of the substance of the estate,* such as the extraction of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though the title to the premises be in litigation. The authority of the court is exercised in such cases, through its preventive writ, to *preserve* the property *from destruction,* pending legal proceedings for the determination of the title. Jerome v. Ross, 7 Johns. Ch. (N. Y.) 315, 332 (11 Am. Dec. 484); Le Roy v. Wright [Fed. Cas. No. 8,273], 4 Sawy. 530, 535.' Erhardt v. Boaro, 113 U. S. 537, 538, 5 S. Ct. 565, 566 (28 L. Ed. 1116)." (Italics supplied).

To our mind the holding of this court in the Mobile & Birmingham R. R. Co. Case, supra, is conclusive to the point that to entitle the complainant to injunctive relief, pending appeal in a law court, for the settlement of legal disputes, the bill must make it appear that *irremediable mischief is being done or*

*threatened, going to the destruction of the substance of the estate.* It seems clear that the only right that a complainant has to injunctive relief in such a case as is here presented is to preserve the status of the estate pending the appeal from a radical alteration of the situation of the subject-matter in dispute, pending the determination of the appeal. Such also was the holding of the court in the case of People's Traction Co. v. Central Passenger R. Co., 67 N. J. Eq. 370, 58 A. 597.

Tested by the stated principles, we are at the conclusion that the complainant's bill for injunctive relief, does not state a case entitling the complainant to relief, and therefore that the court properly dissolved the temporary injunction. The effect of this holding is to dissolve the injunction which was reinstated pending this appeal.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.