3 So.2d 17

**COLLIER v. STATE ex rel. POWELL.**

**8 Div. 76.**

Supreme Court of Alabama.

June 5, 1941.

Rehearing Denied June 30, 1941.

Russell W. Lynne and S. A. Lynne, both of Decatur, for appellant.

460

Thos. S. Lawson, Atty. Gen., for appellee.

THOMAS, Justice.

The proceeding was for the abatement of a liquor nuisance, and was instituted by a petition filed in this cause, charging the defendant Collier of violating a decree that was rendered by the Circuit Court of Morgan County, in equity, permanently enjoining Collier from continuing to maintain a liquor nuisance on premises described in the decree.

The petition prays for an order or decree forfeiting the bond executed by the defendant and his sureties and the compliance of the said permanent injunction decree and also for padlocking said premises. On October 19, 1940, the petition or motion was set down for hearing and notice of said hearing was served on the defendant and his sureties. On November 1, 1940, by agreement of all the parties, the hearing was continued and was regularly and duly so continued until November 30, 1940. On said date all parties in person or by counsel were present and the defendant filed a motion to strike the said motion or petition filed on October 19, 1940, a motion to quash and abate the process requiring defendant to appear in said proceeding, and also filed a demurrer to the petition.

Thereupon the court, on motion of counsel for defendants, heard oral testimony on the motions and argument of all parties· on the motions and demurrer and evidence on said motions. Before pronouncing any decree or order upon said motions and demurrer, all parties agreed in open court, to hear the cause on its merits; and each party offered record evidence and also a number of witnesses in support of the petition on its merits. At the close of the testimony it was agreed by all the parties that a submission be made to the court for an order or decree on the motions, the demurrer, and the merits of the cause presented by the petition, which was accordingly made. Thereupon· the court took the whole matter under advisement for a decree thereon.

The motions and demurrer raise the same questions, namely, that there is no authority in law in a proceeding of this kind to declare forfeited the bond required in the· injunction decree; and that the execution of an appeal bond for costs removed the case to the Supreme Court and suspended the power of the circuit court to make any orders pending the appeal. The last named question involves the thought that the decree in this cause making the injunction perpetual, is not such a decree as requires a supersedeas bond under The Code of 1923, §§ 6132–6134. See Code of 1940, T. 7, § 793 et seq.

The circuit judge rendering the decree has retired from that court. He supported his rulings and final decrees ·as follows:

"This is not an independent suit on a bond to recover damages for its breach. The bond is merely incidental to and coupled with the main case, and constitutes one of the methods adopted by the court to command and enforce obedience to the decree of the court directing the defendant, Collier, to refrain from carrying on and maintaining a liquor nuisance to the detriment of good order and morals of the people of the community. The execution of the bond did not discharge or satisfy the decree, nor did it paralyze the arm of the court to enforce the decree and thereby accomplish the very purpose of the bill, suppress intemperance. The bill in this case is founded on Sections 4671–4677 of the Code of Alabama (of 1923). [See Code of 1940, T. 29, §§ 141–147]. These sections form a part of an elaborate system of laws, the avowed purpose of which is to suppress intemperance in this state. Undoubtedly the purpose of vesting the equity court with jurisdiction to abate a liquor nuisance was the recognition of its general powers to abate such matters, and to invoke the broad and liberal powers of a court of

equity to assist in the suppression of the evils deemed to be conducive to intemperance. The statute, after granting power to perpetually enjoin the maintenance of such nuisance, specifically provides that 'the court shall have full power and authority to maintain its jurisdiction,' and, to do this, it further provides that the court may do this 'by all suitable orders and writs to enforce its decrees in respect to the subject matter of the suit, and to so shape and mould its decrees as to accomplish the purpose of the bill.' Then it further provides that the court may adopt 'all the rules of evidence, practice and procedure * * * that pertain to courts of equity generally.' (Parenthesis and brackets supplied.)

"Code of 1923, §§ 4675, 4676 (Code of 1940, T. 29, §§ 145, 146.)

"These sections of the Code have been quoted and approved by our Supreme Court. Ex parte Hill, 229 Ala. 501, 158 So. 531; Garrett v. State, 235 Ala. 457, 179 So. 636; (and we add the cases of Joiner v. State, 232 Ala. 522, 168 So. 885; Chandler v. State, 237 Ala. 407, 187 So. 189.) These cases approve a decree requiring a bond conditioned to abide by the decree. It is clear from both reason and authority that the bond in such cases is incidental to the case and may be enforced in that particular case. The prime thing involved is the decree forbidding the maintenance of the nuisance, and the bond is the instrument and method used by the court for its enforcement. Therefore, it must follow that the court has authority in this case to declare the bond forfeited and enforce its payment in a proceeding of this character. It amounts to no more than making further orders in the case to carry out the purpose of the decree. The court has power to make further and additional orders to the same end." (Parentheses supplied.)

The second contention of the defendants is that the injunction from which appeal was taken by giving a bond for costs, is not such a decree as requires a supersedeas bond under either of Sections 6132, 6133, or 6134, and, "Therefore, the decree was superseded by the appeal and bond for cost." See Code 1940, T. 7, §§ 793, 794 and 795.

"Clearly Section 6134 requires a supersedeas bond to suspend the decree. The first clause in this section settles this question adversely to defendant's contention. It says: 'If the judgment or decree be only for the performance of some act or duty * * * to suspend such a decree, a super-

sedeas bond must be executed.' That is the sole purpose of the decree in this case. It lays a duty on the defendant, Collier, to cease maintaining a public nuisance. The decree requires that and nothing else." Such is the effect of the decision by this court in Betts v. Cobb, 121 Ala. 154, 157, 25 So. 692.

In the last cited case an executor had been required by decree of the probate court to make an additional bond, and from this judgment appealed, and simply executed a bond for cost. "Pending the appeal a creditor filed a petition to have the executor removed" from his office because of his failure to execute an additional bond in compliance with the decree of the probate court. The executor made the point that he had taken an appeal. The court, in answering this contention said:

"If it be assumed that the order requiring the bond was appealable, still it could not operate to supersede the execution or enforcement of the order without a supersedeas bond. Code, § 442. When security for costs only is given, the appeal, if properly taken, suspends the power of the probate court over the judgment or order appealed from, but does not suspend its operation. In such case, 'whatever measures are necessary for the execution of the decree, it is the duty of the court, on the application of a party in interest, to pursue as if the appeal had not been taken.' "

And this court also approved said principle in Bowdoin v. Bowdoin, 225 Ala. 618, 144 So. 819, 821. We find no decision in this state in conflict with this view. " * * * The case most urgently pressed upon us is that of Garrison v. First National Bank, 233 Ala. 687, 173 So. 88. We do not think this case has any application to the question here involved. It was a case of the issuance of a writ of garnishment in aid of a pending suit. On a hearing, the court rendered a judgment quashing plaintiff's contest of the answer of the garnishee and discharged the garnishee. The plaintiff appealed from this judgment and made no supersedeas bond. Pending the appeal the garnishee paid the defendant. The case was reversed by the Supreme Court and, on remandment, the garnishee made a motion to be discharged on the ground that he had paid the defendant pending the appeal. The lower court granted the motion and, from this judgment, appeal was taken. In passing upon

the matter, the Supreme Court said that the judgment on which the first appeal was taken, was not one 'only for the performance of some act or duty, and therefore, was not covered by Section 6134.' * * *" (Parenthesis supplied.)

■ Looking to the weight of authority in this country, it is to the effect that an appeal without a special order of the court does supersede the power of the lower court in case of prohibitory injunction to enforce obedience to the decree. Many authorities go so far as to hold that the inherent power remains in the lower court to see that such prohibitory decree will be respected "notwithstanding a supersedeas bond has been given." 4 Corpus Juris Secundum, Appeal and Error, § 632, pp. 1116, 1117 and authorities there cited; 3 Am.Jur., p. 205; High on Injunctions (4th Edition) § 1698; State or Washington v. Superior Court, 39 Wash. 115, 80 P. 1108, 1 L.R.A.,N.S., 554, 109 Am.St.Rep. 862, 4 Ann.Cas. 229; Hulbert v. Portland Cement Co., 161 Cal. 239, 118 P. 928, 38 L.R.A.,N.S., 436; Ohaver v. Fenech, 206 Cal. 118, 273 P. 555.

"The citations to these cases are full and to the point here involved. However, we repeat that it is not necessary to turn to all these authorities, because the very terms of Section 6134 of the Code directly applies to this case." The statute (§ 6134, Code of 1923) is, as follows:

(We quote the same text from Code of 1940, T. 7, § 795 and notes thereto, in part.)

"If the judgment or decree be only for the performance of some act or duty, or for the recovery of property, real or personal, or the possession thereof, or for the sale of property, real or personal, unless otherwise provided, the party appealing, if he wishes to supersede the execution of the judgment or decree, must excute bond with good and sufficient sureties. * * *

"[Note] This section provides the usual and proper method of protecting the right of litigants to funds paid into court until their rights are finally determined on appeal. North Birmingham Trust, etc., Bank v. Hearn, 211 Ala. 18, 99 So. 175. The importance of the protection of this right is summarized in the following language: 'We cannot too strongly urge the importance of protecting the right of litigants to funds intrusted to the keeping of the court until their rights are finally deter-

mined. Confidence in the administration of justice is at stake.'

"Scope of section—custody of infants. —This section contemplates cases involving property and property rights where the damage can be measured in dollars and cents in cases of default; and cases involving the custody of infants do not come within the section. Ex parte Roberts, 17 Ala.App. 538, 85 So. 871, the court saying children are not property to be compensated for in the measure of dollars. * * *"

We wish to quote the pertinent text of High on Injunctions, 4th Ed. § 1698, as follows:

"§ 1698. Effect of appeal as to act enjoined. Where under the practice of the state an appeal is allowed from an order granting an interlocutory injunction and appointing a receiver pendente lite, if a supersedeas is granted upon the appeal it has the effect of suspending the order. But an appeal from an order granting a preliminary injunction does not have the effect of authorizing the doing of the act or thing enjoined; since if it were allowed such effect, there would be no material advantage in obtaining an injunction in any case, as it would be in the power of the defendant to avoid its effect by appealing. And where, under the practice of the state, an appeal is allowed from an order refusing an interlocutory injunction, such appeal does not operate as a supersedeas as against the act sought to be enjoined; since to give the appeal such effect would be to perpetuate and continue an injunction which was sought but not granted.

"1698 a. The same; rule as to mandatory injunctions. The doctrine is now well established that an appeal from a final decree granting a perpetual injunction and the giving of a supersedeas bond will not have the effect of nullifying or suspending the decree, so as to permit the doing of the act enjoined pending the appeal. And, in such case, the court which granted the injunction still has power to punish its violation, notwithstanding the appeal. * * *"

The rule stated in 3 Amer.Juris., § 558, p. 205, is:

"The general rule is that an appeal from an order granting a prohibitory or preventive injunction (Annotations: 93 A.L.R. 710; 1 L.R.A.,N.S. 555; 38 L.R.A., N.S., 436; 4 Ann.Cas. 231) or refusing such injunction, or dissolving or refusing to dis-

solve an injunction, does not disturb the operative effect of the injunction. But all proceedings on a mandatory injunction are stayed by an appeal from the order granting the injunction. (Annotations: 93 A.L.R. 715; 38 L.R.A.,N.S. 439; 4 Ann. Cas. 231.)

"An injunction may grant both prohibitive and mandatory relief, and when it is of this dual character, and an appeal is taken, such appeal will not stay the prohibitive feature of the injunction, but as to its mandatory provisions, the injunction will be stayed. (Annotations, 93 A.L.R. 721, 4 Ann.Cas. 232)." (Parenthesis supplied.)

In 4 Corpus Juris Secundum, Appeal and Error, p. 1116, § 632, the subject is dealt with as follows:

"Subject always to special statutory regulation, as a general rule orders granting or dissolving prohibitory injunctions are not stayed by appeal, while the opposite is true if the injunction is mandatory. * * *

"In most jurisdictions, however, the rule is well settled that, in the absence of an order of the court, an appeal from such an order or decree does not disturb its operative force, even where the party complaining of the same has given a bond or undertaking and otherwise complied in all respects with the general requirements for a supersedeas or stay of proceedings. * * *"

Such was the English rule in chancery. Huguenin v. Baseley, 15 Vesey Jr's. Reports, 180, 184, Sumner's Edition.

We will revert to decisions by this court. The case of Ex parte Hood et al., 107 Ala. 520, 18 So. 176, considered a motion to pay over the fund and discharge trustee pending appeal, and such was denied. In Maya Corp. v. Smith, 239 Ala. 470, 196 So. 125, the appeal was to be effected by notice and it sought execution for costs.

In City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550, it is said that the appeal was perfected by giving bond for costs, and supersedes the order or judgment appealed from, maintains the status quo "where that status is a condition of rest and not action. Code 1923, § 8307 [Code 1940, Tit. 7, § 1057]," and not otherwise.

In Bell v. King, 210 Ala. 557, 98 So. 796, the holding was that supersedeas suspends execution of decree and to suspend proceedings in the pending cause after appeal. In Ex parte Cudd, 195 Ala. 80, 70 So. 721, execution for costs was sought. In Bow-

doin v. Bowdoin, 225 Ala. 618, 620, 144 So. 819, it was held that dower may be assigned pending appeal. In Betts v. Cobbs, 121 Ala. 154, 25 So. 692, it was held that an executor may be removed for insufficient bond, notwithstanding the appeal.

The first two cases are different from the question before us, in that an attachment and a pending suit was the subject; and the observation made in the City of Decatur case, supra, was when the suit sought to restrain use of taxi cabs without license. This decision is in accord with the foregoing text writers and the many notes supporting the same.

In Allen v. Allen, 80 Ala. 154, the distinction was made between mandatory and prohibitory injunctions by Mr. Justice Somerville. He said: "The present motion, however, is a separate and distinct proceeding from the chancery suit which culminated in the decree from which the appeal in question was taken. It is based upon grounds which have nothing to do with the equities involved in and settled by that decree, and which have even originated subsequent to its rendition. The purpose of the motion is not to raise any question going behind the decree or concluded by it, but only to prevent any abuse of the process of the court by the agency of which it is sought to enforce the execution of the decree. It is manifest that whatever course may be taken by the appellate court as to the decree appealed from, whether it be affirmed or refused, the questions arising from this motion would neither be discussed nor determined. * * *"

The condition of the bond that was forfeited was that "Pete Collier will immediately abate the liquor nuisance on said premises and will prevent the same from being established or kept until the decree of said court in said cause on the granting of a permanent injunction against said defendant." Pursuant to the preliminary writ of injunction, and which was here made final, this appeal was taken.

The opinion of the circuit judge concludes as follows: "Under the views we have here set forth, we hold that the motions to strike and to quash the petition and the demurrer thereto must be overruled. As to the merits of the petition as shown by the documentary evidence, as well as by the witnesses who personally appeared before us and testified in the matter, we have given careful attention and consideration; and have reached the conclusion that the

petition should be sustained; and that the defendant, Collier, has violated the decree of this court perpetually prohibiting him from maintaining a nuisance on the premises described in the original decree; and that in such violation he has breached the bond executed in compliance with the decree of the court, and thereby created a liability thereon against himself and his sureties, Rex G. Finley and Louie Argent."

We concur in the holdings and decrees of the circuit court on the record and evidence that appellant Collier was guilty of having and maintaining a liquor nuisance, contrary to the law on said described premises within the time averred; that such nuisance was duly ordered abated by the order and decree of the circuit court and that a bond was required conditioned on his abating the nuisance pursuant to such order and to prevent the same from thereafter being actively maintained.

We are further of the opinion and hold that the trial court was not in error in rendering the decree of forfeiture of the first bond given by Collier and his sureties.

The orders and decrees of the circuit court are free from error and the same are hereby affirmed.

Affirmed.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.