# Falley *v.* Falley.

## *Divorce.*

(Decided Dec. 14, 1909.  50 South. 894.)

1. *Words and Phrases; "Filed."*—A paper is said to be "filed" when it is delivered to the proper officer charged with the duty of filing and of making proper endorsements thereon.

2. *Divorce; Submission in Vacation; Request Filed.*—Under section 3164, Code 1907, (General Acts 1898-9, p. 118) a letter written by solicitor for complainant in a divorce suit, to the register, after the decree pro confesso, requesting that after making out note of testimony, send it to us for submission in vacation, we will have it

[Falley v. Falley.]

submitted, etc., is a sufficient writing filed with the register to au-
thorize a decree in vacation.

3. *Same; Decree Pro Confesso; Vacation Submission; Custody of
Children.*—The cause submitted in vacation under provisions of
section 3164, Code 1907, was not deprived of the character of di-
vorce proceedings, because it sought the custody of the children,
as the court had authority to so decree under section 3808, Code
1907.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. L. D. GARDNER.

Action by Susan Falley against Jeff Falley, for di-
vorce and praying the custody of the children. There
was a decree pro confesso entered and the cause was
submitted to the chancellor in vacation under the cir-
cumstances set out in the opinion. Judgment for com-
plainant granting the prayer of the bill, and respond-
ent appeals. Affirmed.

PARKS & RANKIN, for appellant.—Section 3164, Code
1907, confers upon chancellors new and unlimited pow-
er which depends upon the existence of certain facts
and they must affirmatively appear of record.—*Good-
water W. H. Co. v. Street,* 137 Ala. 621. The applica-
tion was not sufficient under the statute.—*Pullman P.
C. Co. v. Harris,* 122 Ala. 157. The decree is further
void because rendered in vacation granting custody of
children.—*Wright v. Adams,* 129 Ala. 305.

FOSTER, SAMFORD & CARROLL, for appellee.—Counsel
insist that under section 3154 and 3808, Code 1907, the
decree is valid and binding, and should be affirmed.

McCLELLAN, J.—The decree appealed from grant-
ed appellee a divorce, and, as prayed in her bill, she was
given the custody of the children of the union. The re-
spondent made no defense to the bill, and decree pro
confesso appears to have been regularly entered against

him. Subsequent to the entry of this decree the solicitors of record for the complainant posted a letter addressed to the register, and it was promptly received by him, noting the inclosure therewith of the testimony taken in support of the averments of the bill, and also requesting him to make out a note of the testimony in the cause. The letter then proceeds: "After making out note of testimony, send it to us for submission in vacation. We will attend to having it submitted. * * *" The note of testimony recites, preliminarily, the submission of the cause in vacation. By the act approved December 14, 1898 (Gen Acts 1898-99, p. 118), now Code 1907, § 3164, the submission of, and adjudication in, divorce cases in vacation was provided; certain conditions being laid upon the power and right to so submit and adjudge. It is now objected for appellant that this decree is null, because no such written request was filed with the register as the cited statute required.

The only stipulation with respect to the mode of expression of the desire for submission in vacation is that it shall be in writing and shall be filed with the clerk. The legal term "file" has been treated here in *Phillips v. Beene's Adm'r*, 38 Ala. 248, and it was then ruled, and with obvious correctness we think, that a paper was filed when it was delivered to the proper official charged with the duty of filing the paper and with making the appropriate indorsement thereon. It is evident that the act of affixing the proper indorsement on the paper is a duty to be performed by the officer, and with a failure of the officer to seasonably and properly indorse the paper the party delivering it cannot be prejudiced. He has done all that is required when he delivers the paper to the proper official.—*Phillips v. Beene's Adm'r, supra.* The register and chancellor took this

paper to be a "request" within the statute. By no sort of construction can the paper be read otherwise than as evincing the desire of complainant's solicitors of record that the cause be submitted in vacation. It so declares. It is true the paper does not follow the language of the statute in respect of a request to deliver the papers in the cause to the chancellor; but it is requested that the papers be sent to complainant's solicitors for submission in vacation, and the assurance is given that they would attend to its submission. We think it would be rather too narrow, in view of the object the statute intends to conserve, to require the request thereunder to pursue the statute's language. Whether the register sent the papers in the cause to the chancellor by one means or another cannot, we think, be important. That he might do so by hand, as well as by post or express, is clear. If so, he can certainly effect the purpose through solicitors in the cause. While we feel impelled to sustain the decree on this point of attack, it cannot be denied that the better practice under this statute (section 3164) would be to make the "request" provided more formal than was here done.

It is further objected that the decree is erroneous because, without the consent of the respondent, a submission in vacation cannot be properly effected except in divorce cases, and the custody of the children being involved, in addition to the marriage relation, the submission was abortive; the respondent not consenting. This contention is responded to for appellee by the citation of Code 1907, § 3808, wherein it is provided that, "upon granting a divorce, the court" may commit and regulate the custody, education, etc., of the children of the marriage as therein stipulated. It is insisted for appellant that the statute does not commit the exercise of the powers enumerated to the chancellor, but contem-

plates their exercise by the court as distinguished from him. And in support of this contention attention is called to the fact that section 3808 was in existence many years before the act of 1898-99 was passed. By express provision of Code 1907, § 3164, a decree in a divorce case, rendered in vacation in accordance with its terms, is as binding and final as if rendered in term time. The effect of this provision forbids, in such cases, any distinguishing between the court and the chancellor. The act of the latter is the act of the former in uncontested divorce cases. Accordingly the inquiry is thus resolved: Did the inclusion of the averment and prayer for relief in respect of the custody of the children of the marriage then being sought to be annulled deprive the proceeding of its character as a "divorce case," as provided in section 3164?

We do not think the statutes should be given a construction that would require an affirmative response to the stated inquiry. The disposition of the children of a dissolved union is too intimately related to the major act of dissolution to permit the limitation of the term "divorce cases" to those only where dissolution was the sole prayer of the bill. In the anonymous case reported in 55 Ala. 428, noting treatment of chancery's jurisdiction in respect of the disposition and protection of children in *Hansford v. Hansford,* 10 Ala. 561, among other of our decisions (see, also, 14 Cyc. p. 804), this power of disposition and protection is accorded, in discussion, an intimacy and relation to the marriage state that leaves us no room for real doubt that "divorce cases" comprehends, in relative legislation, the disposition and protection of the offspring as naturally incident to the power of dissolution of the marriage relation. If the contrary view was adopted, we would impute to the Legislature the very improba-

[Falley v. Falley.]

ble purpose to favor in submission and adjudication a cause for divorce not involving the disposition of offspring, and of denying to another cause involving such disposition that favor. If a substantial reason for such a discrimination appeared, more hesitation in construing the statute as we do might arise. But it is hardly imaginable that the lawmakers intended to hinder in adjudication the minor question, viz., the disposition of the offspring, and to favor the speedy decision of the major, viz., that of dissolution of the marriage state.

Aside from these considerations, our conclusion accords, we think, with the general legislative policy to give the opportunity for more prompt judgments in uncontested divorce cases; whereas, if the contrary view was approved, the delay in such cases between terms of court would ensue from the mere fact that offspring were sought to be affected by the judgment dissolving the marriage relation. In short, under these statutes, "divorce cases" include those causes where dissolution and the usual incidents thereof are sought in an appropriate bill.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.