(104 So. 346)

## Ex parte STATE ex rel. COBURN.
### (3 Div. 505.)

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied May 12, 1925.)

**1. Criminal law ⚸1004—Right of appeal is purely statutory.**

Right of appeal is purely statutory, depending entirely upon the language and construction of statutes.

**2. Criminal law ⚸1005—Statutes pertaining to appeals are to be liberally construed in favor of party seeking redress by appeal.**

Statutes pertaining to appeals are to be liberally construed in favor of party seeking redress by appeal.

**3. Criminal law ⚸1084—Appellant desiring to appeal with suspension of judgment must so elect when judgment is rendered, and not thereafter.**

Under Code 1923, §§ 3237, 3241, construed in pari materia, appellant desiring to appeal with a suspension of judgment must so elect when the judgment is rendered, and not thereafter, since the taking of an appeal does not ipso facto suspend the judgment.

**4. Criminal law ⚸1069(1)—Appeal of accused failing to elect for suspension of judgment when sentence is entered is extended 6 months, subject to statute relating to reversal and rendering.**

Right of accused to appeal after failure to elect for suspension of judgment, as required by Code 1923, § 3237(a), when sentence is entered, is extended 6 months, under subhead (b) of same section, subject to his rights to receive proceeds of his labor under section 3672, on reversal and rendering of judgment.

Original petition by the State of Alabama, on the relation of Edgar C. Coburn, for mandamus to Hon. George F. Smoot, as Judge of the Circuit Court of Autauga County. Writ denied.

The case made by the petition is: The petitioner was convicted in the circuit court of Autauga county on a charge of distilling, and was sentenced to confinement at hard labor in the penitentiary for a term not less than 13 months and not more than 15 months, and was thereafter transferred to the penitentiary, where he has since been confined under the sentence mentioned. On the trial of this case petitioner reserved questions of law for review, and thereafter, within 30 days from the date of his conviction and sentence, and prior to the filing of this petition, filed in the circuit court a written statement of appeal to the Court of Appeals, and made known to the respondent, who was the judge of said court and presided at his trial, his desire to take an appeal and to have his sentence suspended pending appeal. His sentence being for a term less than 10 years, petitioner requested the trial judge, the respondent here, to direct the clerk of the court to admit the petitioner to bail in a sum to be fixed by the court. Respondent refused to enter or cause to be entered an order of suspension, and also refused to direct the clerk to admit the petitioner to bail or to fix the amount of bail pending appeal.

It is sought by the petition to have a writ of mandamus issued to the respondent, requiring him to suspend sentence pending appeal and to direct the clerk of the circuit court to admit petitioner to bail.

L. F. Gerald, of Clanton, and Mullins & Jenkins, of Birmingham, for petitioner.

When a defendant has been convicted of a felony, and sentenced for a term not ex-

ceeding 10 years, and makes known to the court his desire to take an appeal, it becomes mandatory upon the trial judge to suspend sentence pending appeal, and to direct the clerk to admit defendant to bail. Code 1923, § 3241; Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Am. St. Rep. 22; Ex parte Crews, 12 Ala. App. 300, 67 So. 804.

Harwell G. Davis, Atty. Gen., for respondent.

Brief of counsel did not reach the Reporter.

SAMFORD, J.   [1-3] The right of appeal is purely statutory, depending entirely upon the wording and construction of statutes, which should be liberally construed in favor of a party seeking redress by appeal. This right of appeal in criminal cases has been provided for in sections 3237 and 3241 of the Code of 1923, which must be considered "in pari materia." In section 3237 the time of taking an appeal is fixed either at the time of sentence, or if not then, within 6 months thereafter.  Under subhead (a) of said section provision is made for a suspension of judgment. · Under subhead (b) no such provision is made.  The taking of an appeal does not ipso facto suspend the judgment, but requires an order of the court upon the election of the defendant "to be taken at the time of judgment rendered."  White v. State, 134 Ala. 197, 32 So. 320.

[4] The time for the election by the defendant to have the execution of, sentence suspended is at the time of sentence and not afterward, and, not having so elected, his right of appeal is extended for a period of 6 months under subhead (b), subject to his rights under section 3672 of the Code of 1923.  To give to the statutes the construction insisted upon by petitioner would result in interminable confusion in all those cases where appeals are taken subsequent to the date of sentence.

The writ of mandamus is denied.

Writ denied.