155 So. 716

## MT. VERNON–WOODBERRY MILLS v. UNION SPRINGS GUANO CO.

### 5 Div. 180.

Supreme Court of Alabama.

June 22, 1934.

Jas. W. Strother, of Dadeville, for petitioner.

---

**92**

Denson & Denson, of Opelika, for respondent.

FOSTER, Justice.

The judge is alleged to have made a bench note on the verdict finding for plaintiff and assessing the damages. Unless it otherwise appears to be ordered by the court, there is a duty thereby impliedly directed to be performed by the clerk to enter the judgment at length on the minutes. Besides the cases cited by the Court of Appeals, we note that 1 Freeman on Judgments, § 48, makes the same assertion with a list of cases. The judgment is only proven by the minutes, and unless formally entered on the minutes it is not appealable, and not provable as a completed judgment. Section 10125, Code and annotations; Webb v. French, 225 Ala. 618, 144 So. 818; Morgan v. Flexner, 105 Ala. 356, 16 So. 716; 1 Freeman on Judgments, § 49; Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am. St. Rep. 117; Clements v. Hodgens, 210 Ala. 486, 98 So. 467.

But such bench note is evidence that the court then and there rendered a judgment, and thereby directed the clerk to extend it on the minutes, when that fact is the issue, though it will not, until so extended, support an execution or appeal. Wynn v. McCraney, 156 Ala. 630, 46 So. 854.

We are not here concerned with the inquiry as to when the limitation on the right to appeal begins, when the judgment is not formally entered until some time later on motion of plaintiff. 3 C. J. 1058, § 1056; 1 Freeman on Judgments, p. 264, note 12; Ex parte French, 226 Ala. 297, 147 So. 631; Campbell v. Beyers, 189 Ala. 307, 66 So. 651.

A motion for a new trial may be made and acted on after verdict either before or after the judgment is rendered. Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829.

At common law such motion should be made and acted on before the judgment.

So that the right to have the motion heard is not dependent upon either the rendition or the entry of judgment. If it affirmatively appears that the motion is made and granted before judgment is either pronounced or entered, section 6670, Code, has no application. Until then the proceedings are in fieri, and the court is not limited to thirty days. Such was the status of our case of Birmingham v. Andrews, 222 Ala. 362, 132 So. 877. Whatever may be the meaning of the rendition of judgment as used in section 6127, Code, it means its pronouncement as stated in section 6670, Code, when such pronouncement is so evidenced that a formal entry may be commanded under the rule of Campbell v. Beyers, supra.

In this case the motion was duly made in thirty days after the return of the verdict and rendition of the judgment, though before it was entered on the minutes. If that motion was discontinued because not acted on in thirty days, or in such time in which an order was entered continuing it, defendant did not have the right to another motion within thirty days after the entry was made later on the minutes so as to extend the time more than thirty days after the judgment was rendered, though not formally entered.

We think the Court of Appeals and the circuit court correctly so held.

Within thirty days after the judgment was rendered, the trial judge at Opelika, in Lee county, but within the territory of the circuit in which Tallapoosa county is situated, though that is not material (section 6710, Code; Montgomery v. Merrill, 218 Ala. 149, 117 So. 473; Dulin v. Johnson, 216 Ala. 393, 113 So. 397), made an order continuing the hearing of the motion for thirty days, and within that extended time made another such order under similar circumstances, but neither of those orders was filed with the clerk nor entered on the minutes within the period in which an order was due to be made. But they were so filed afterwards, and appeared on file when the court found and ordered that the motion was discontinued, and if they have effect as orders continuing the hearing the motion was not discontinued, and the court should not have so found and ordered.

We are clear that the statute does not require formal action by a court duly constituted in a technical sense. An order continuing the motion may be made by the judge anywhere in the state of Alabama, and without a formal organization of the court. Section 6710, Code; Gray v. Bank of Moundville,

214 Ala. 260, 107 So. 804; Carothers v. Callahan, 207 Ala. 611, 93 So. 569; Zaner v. Thrower, 203 Ala. 650, 84 So. 820; Ex parte Nelson & Kelly, 62 Ala. 376.

Judgments must be formally entered on the minutes, and are not provable except by such records. 1 Freeman on Judgments, § 49, pp. 83–85; 34 C. J. 54.

But ordinary interlocutory procedural orders which are distinguished from the judgment (33 C. J. 1053) are provable without entry on the minutes. 1 Freeman on Judgments, § 184, pp. 361, 362; Id., § 19, p. 28.

But there is no compliance with section 6670, Code, unless the order of continuance is "entered." For the statute so expressly states. And whether it be so stated or not, it may be doubtful if an order made by a judge is effective until it is filed with the clerk as a part of the public records, so as to afford notice to the parties.

But whether so without the statute, section 6670 is particular to prescribe the entry of the order as necessary. So that not only the judicial act of so directing is necessary, but the ministerial act of its entry is also necessary. We have held that the entry here meant is the act of delivering it to the clerk to be filed, or of writing it on the motion docket or minutes. Ex parte Margart, 207 Ala. 604, 93 So. 505; Falley v. Falley, 163 Ala. 626, 50 So. 894.

When the judge makes the order and delivers it to another to be entered, but the latter withholds it from the files without first depositing it with the clerk, so that it may become public and known to all interested parties, and retains it until the time expires in which it may be entered, the order never takes effect.

That is the status shown on this appeal. The order made by the judge was not entered until after the time expired, and thereby the motion for a new trial was automatically discontinued as found and ordered by the judge.

We have considered with care the other features of the opinion of the Court of Appeals to which petitioner objects, but we do not think they show error, nor that the matters so mentioned need different treatment than that given by that court, nor further discussion.

The writ of certiorari is denied.

GARDNER, THOMAS, and BOULDIN, JJ., concur.