179 So. 636

**GARRETT v. STATE ex rel. MATTHEWS.**

**7 Div. 426.**

Supreme Court of Alabama.

March 10, 1938.

Longshore & Williams and Merrill, Jones & Merrill, all of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., for appellee.

BOULDIN, Justice.

A bill filed to abate a liquor nuisance under Code, § 4671, is sufficiently verified by affidavit of the relator, a deputy solicitor, deposing that he "has probable cause to believe and does believe that the allegations" of the bill are true. Code, § 4672; In re State ex rel. Attorney General, 179 Ala. 639, 60 So. 285.

■ The bill by proper allegations charges respondent with the maintenance of a liquor nuisance as defined in Code, § 4619; Fulton v. State, 171 Ala. 572, 54 So. 688.

The evidence sustained the charge and the decree enjoining the continuance of such nuisance, requiring bond conditioned to abide by the decree, and, on failure to execute such bond, padlocking the property. Code, §§ 9291, 9293; Ex parte Hill, 229 Ala. 501, 158 So. 531.

The decree very properly retained jurisdiction for the entering of proper orders in the future.

■ Padlocking, a severe remedy depriving one of the use of his property for lawful purposes, should be exercised only as a necessary measure to enforce the law. Where the party is shown by his conduct to be a persistent violator of the law, determined to evade it, padlocking is proper, but to be modified when it sufficiently appears the property will not be again employed in the conduct of a liquor nuisance.

■ The court has unquestioned power to set down cases of this class for trial, giving sufficient time for preparation.

■■ Serious complaint is made that the cause was ordered to trial before a decree on demurrer to the bill was rendered, and evidence was taken before the cause was at issue by answer.

Without dispute an answer was duly filed on the day of trial. We have taken full note of the statement of counsel before the court, made part of the record, to the effect that by permission of the court the answer had been withdrawn, and defendant was nevertheless put to trial.

This court can deal only with the record filed by appellant and submitted upon in this court. That record shows the answer filed, and a submission thereon by defendant in the court below. No order for withdrawal of the answer appears. Parties have ample remedies to have the record complete and true. In the absence of an order permitting a withdrawal of the answer, and with a note of testimony showing defendant submitted on such answer, the record discloses the cause was at issue.

Affirmed..

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.