1 So.2d 316

### TEAL v. STATE.
### 8 Div. 19.

Court of Appeals of Alabama.
March 25, 1941.

110

1 So.2d 661

**POOLE v. STATE.**

2 Div. 686.

Court of Appeals of Alabama.
Feb. 18, 1941.

Rehearing Denied March 25, 1941.

Wm. C. Rayburn, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the submission of this appeal in this cause, the State filed its motion to strike the bill of exceptions on the grounds of a non-compliance with the provisions of Section 6433 of the Code 1923. Said motion is based upon three grounds, all of the same import; wherein it is alleged, that the bill of exceptions is not properly authenticated, in that, it fails to show that it was ever at any time presented and filed as the law requires; nor does it bear the approval and signature of the trial judge.

Upon examination, we find these insistences to be correct, and under the provisions of Section 6434, Code 1923, it is mandatory upon this court to grant the motion to strike the bill of exceptions. It is so ordered.

In opposition to said motion, appellant files an affidavit by the present clerk of the court, in which it is stated, that the admitted condition of the bill of exceptions, which does not bear the endorsement of having been presented at any time, or at any time approved and signed by the trial judge, was due to the failure or negligence of the former clerk to copy same in the transcript, etc.

In all cases, upon appeal, this court is bound by the record upon which the appeal is rested. Such record may not be impeached by affidavits or otherwise by matters dehors the record, hence the order aforesaid.

The bill of exceptions having been stricken results in the appeal resting solely upon the record proper. This we find to be regular in all respects, therefore the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.