86 So.2d 876

John Winston **LIVINGSTON**

v.

**STATE ex rel. L. Charles WRIGHT,**
Solicitor.

**7 Div. 310.**

Supreme Court of Alabama.

May 24, 1956.

Arthur Burns, Gadsden, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for appellee.

MERRILL, Justice.

These proceedings were instituted by the state, on relation of the Solicitor of the Sixteenth Judicial Circuit, under the provisions of Title 29, § 141 et seq., Code of 1940, to abate an alleged liquor nuisance. This appeal is from a decree making permanent a temporary injunction, which was granted on the filing of the bill, and ordering a padlocking of the premises known as Livingston's garage.

The evidence was taken ore tenus by the court; no findings of fact are included in the decree rendered.

The competent evidence for the state was to the effect that the appellant was in charge of the property known as Livingston's garage; that very little, if any, commercial activity was carried on at the premises although at times a few automobiles were seen inside the building and on other occasions twelve to fifteen boys were seen inside working out with weight lifting equipment; that the building remained open until 10 or 11 o'clock each evening; that usually only one or two persons were in the building at nighttime. Evidence for the state further revealed that one Bloodworth, an employee of appellant, had been arrested twice during the twelve months immediately preceding the filing of the bill in this cause and that on each of these occasions he was near the premises known as Livingston's garage and had several pints of intoxicating liquor in his possession; that on one of these occasions nine pints of whiskey were found inside the building under a desk; that approximately seven weeks prior to the filing of the bill in this cause, the appellant was arrested near the premises and on that occasion twelve pints of whiskey were found in a ditch at a point some 75 to 100 yards from Livingston's garage, but on that occasion no whiskey was found on the garage premises or in appellant's possession.

In the case of Garrett v. State ex rel. Matthews, 235 Ala. 457, 179 So. 636, this court observed:

"Padlocking, a severe remedy depriving one of the use of his property for lawful purposes, should be exercised only as a necessary measure to enforce the law. Where the party is shown by his conduct to be a persistent violator of the law, determined to evade it, padlocking is proper, but to be modified when it sufficiently appears the property will not be again employed in the conduct of a liquor nuisance."

In the instant case, no evidence was adduced tending to show the maintenance of a liquor nuisance subsequent to the issuance of the preliminary injunction.—

We are at the conclusion that the evidence does not sufficiently show the existence of a liquor nuisance subject to abatement and padlocking. The evidence in the instant case is much weaker than that in the case of Cooley v. State, 262 Ala. 136, 77 So.2d 488, 491, wherein this court held that the evidence was not sufficient, and stated: "Accordingly, a decree will be here rendered denying relief and dismissing the cause."

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.