90 So.2d 225

### W. R. SMITH

v.

### STATE ex rel. H. H. SULLINGER, Deputy Solicitor.

6 Div. 844.

Supreme Court of Alabama.

Nov. 1, 1956.

John Patterson, Atty. Gen., Robt. Straub and Paul T. Gish, Jr., Asst. Attys. Gen., for appellee.

Edw. L. Ball, Bessemer, for appellant.

LIVINGSTON, Chief Justice.

The appeal in this case was taken on the 28th day of December, 1954, by the appellant, after a decree padlocking his place of business was entered by the Circuit Court of Jefferson County, Alabama, Bessemer Division, sitting in equity. According to the record, the transcript was filed with the clerk of the circuit court on the 7th day of March, 1955, and was filed with the clerk of this court on April 12, 1955. On the 19th day of April, 1955, the Attorney General filed a motion to dismiss the appeal on the ground that the transcript was not filed in this court within 60 days of the taking of the appeal, as was required by Title 7, Sec. 769, Code of Alabama 1940.

The appellee's motion was not filed until after the transcript was filed in this court, and there has been no showing that there was any injury to the appellee resulting from the delay in filing the transcript. The motion is, therefore, denied. Campbell v. Sowell, 230 Ala. 109, 159 So. 813; Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758.

■ The appellant argues that the bill of complaint is not sufficient to allege a liquor nuisance because the possession of intoxicating beverages is not prohibited in Jefferson County, Alabama. However, the bill is not based on the possession of prohibited liquors, but alleges that appellant was maintaining a liquor nuisance in the form of an unlawful drinking place; and we are of the opinion that the bill is sufficient as against appellant's demurrers. West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46; Lovett v. State, 30 Ala. App. 334, 6 So.2d 437, certiorari denied 242 Ala. 356, 6 So.2d 441; Title 29, Sec. 140, Code of Alabama 1940.

■ The intoxicating beverages which the testimony showed were being illegally sold at the appellant's place of business were all duly taxed and labeled, and purchased from a state store. For this reason, according to the appellant, they were not "prohibited liquors" and, therefore, the evidence did not warrant a finding by the trial court that the appellant was maintaining a liquor nuisance. This contention is refuted by the decision in Lovett v. State, supra, in which the court held that liquor duly taxed and labeled and bought from a state store can be "prohibited liquor" in a wet county when such liquor is put to an illegal use.

■■ The appellant argues that the decree of the trial court is contrary to the preponderance and the great weight of the evidence. We will not set out the evidence in full, but it is sufficient to say that there was sufficient evidence on the part of the state to warrant a finding that the appellant was maintaining a liquor nuisance. Where, as here, the evidence is ore tenus before the judge, the finding of the trial judge will not be disturbed on appeal unless the finding is clearly against the great weight of the evidence. Harvell v. State ex rel. Sanford, 235 Ala. 329, 179 So. 233. We are unable to say that the finding of the trial judge in this case is contrary to the great weight of the evidence.

The premises upon which the state charges the appellant maintained a liquor nuisance consisted of a main building housing a restaurant, a dance hall, and the living quarters of the appellant and his wife, together with twelve individual cabins operated as a tourist court. The final decree of the trial court permanently enjoined the appellant and all those claiming under him from occupying the buildings for any purpose, and ordered the sheriff to padlock the buildings, and prohibited the use thereof by any person for any purpose pending further orders of the court.

■ As said in Garrett v. State ex rel. Matthews, 235 Ala. 457, 179 So. 636:

"Padlocking, a severe remedy depriving one of the use of his property for lawful purposes, should be exercised only as a necessary measure to enforce the law. Where the party is shown by his conduct to be a persistent violator of the law, determined to evade it, padlocking is proper, but to be modified when it sufficiently appears the property will not be again employed in the conduct of a liquor nuisance."

In Ex parte Hill, 229 Ala. 501, 158 So. 531, this court concluded that padlocking is proper as a method of punishment for failure to obey an injunction.

■ In the case now before us, there is no showing that appellant is a persistent violator of the law or that padlocking was necessary to enforce the law. The decree should have permitted appellant to use his property for lawful purposes upon the posting of sufficient bond that he would not use it to maintain a liquor nuisance.

The decree will be corrected in the respect indicated, and as corrected will be affirmed upon appellant's making and filing with the Register of the Circuit Court of Jefferson County, Alabama, in Equity, Bessemer Division, a bond in the penal sum of $2,000, to be approved by said register, with good and sufficient sureties, duly conditioned to abide the orders and decrees of said court with respect to maintaining a liquor nuisance on the premises here involved, and upon the condition that in case said appellant, his servants, agents or employees should violate the term of the decree of the trial court, as here modified, by maintaining said premises as a liquor nuisance, or by selling, keeping for sale, or storing prohibited liquors and beverages on said premises at any time within one year from this date, said bond shall be declared forfeited and execution thereon shall issue against the defendant and the sureties on said bond, and upon the failure to make and file said bond for a period of ten days from this day, the decree of the trial court will stand, in all things affirmed.

Corrected, affirmed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.