96 So.2d 319

**Hezekiah McDANIEL**

v.

**STATE.**

**2 Div. 932.**

Court of Appeals of Alabama.

May 14, 1957.

Rehearing Denied June 28, 1957.

Peter A. Hall and Orzell Billingsley, Jr., Birmingham, for appellant.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The appellant was convicted in the court below of assault with intent to murder.·

The Attorney General has filed a motion to strike the transcript of evidence from the record on the grounds that the same was not timely filed in accordance with the requirements of Section 827(4), Title 7, Code of Alabama 1940, as amended by Act No. 97, Special Session of the Alabama Legislature of 1956, which act was approved 9 February 1956.

In their answer to the Attorney General's motion, counsel for appellant assert:

"The record in this cause affirmatively shows that the appeal was perfected on towit, the 10th day of August 1956 and that the transcript of evidence was established in.the trial court on the 8th day of

September, 1956, which was within the time required by law."

The record shows that on 15 May 1956 a verdict of guilty was returned, and on that day the court sentenced the appellant. The judgment further recites: "The defendant having applied for and obtained an appeal to the Court of Appeals of Alabama, and the defendant having waived benefit of suspended sentence pending said appeal, and the bond of the Defendant is fixed at $300.00 by the Court."

Thereafter, on 12 June 1956 a motion for a new trial was filed, and by the court set down for hearing on 19 June 1956, on which day the motion was denied.

On 10 August 1956 an appeal bond in the amount of $300 was filed by the appellant, which bond was on that day approved by the Clerk below.

Section 368, Title 15, Code of Alabama, provides:

"* * * (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered; or, (b) The filing of a written statement signed by the defendant or his attorney that defendant appeals from the judgment, the statement to be filed within six months * * *."

An appeal is deemed perfected if the defendant, upon the rendition of a judgment, expresses a desire to appeal. Campbell v. State, 182 Ala. 18, 62 So. 57; Sherman v. State, 15 Ala.App. 175, 72 So. 755; Ex parte State ex rel. Coburn, 20 Ala.App. 595, 104 So. 346.

The appeal in this case must therefore be deemed to have been taken on 15 May 1956, as recited in the judgment, and not on 10 August 1956, the date of filing of the appeal bond.

By virtue of Sections 827(1) and 827(4), Title 7, Code of Alabama 1940, as amended by Act No. 97, supra, a transcript of the

evidence must be filed with the circuit court within sixty days of the taking of an appeal, or within sixty days of the court's ruling on the motion for a new trial, whichever is later.

By Section 827(1a) the trial court may extend the time for filing the transcript for cause.

No request for an extension of time for filing the transcript with the Clerk below was made in this case.

From the above it is apparent that the transcript of evidence was not filed within the time required by law.

The Attorney General's motion must be deemed well taken, and the transcript of evidence is hereby stricken.

The record proper is in all things regular. As to this part of the record an affirmance of the judgment is therefore in order.

Transcript of evidence stricken; judgment affirmed.