112 So.2d 800

Wallace **COLBURN**

v.

**STATE.**

**6 Div. 697.**

Court of Appeals of Alabama.

March 17, 1959.

Rehearing Denied April 7, 1959.

T. K. Selman and Hugh Beaird, Jasper, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The Attorney General has filed a motion to strike the transcript of the evidence because not timely filed with the clerk below, and an alternative motion to strike the entire record and dismiss this appeal because the entire record was not filed in this court within the time required by law.

A judgment of conviction of murder in the second degree was entered against the appellant on 29 August 1958, and notice of appeal was given on that same day.

On 1 September 1958 a motion for a new trial was presented to the Honorable Bob Moore, Jr., judge of the Twenty-Fifth Judicial Circuit, who presided at the trial below, and the following order appears in the record in this connection:

"The foregoing motion for a new trial in the case of State of Alabama vs. Wallace Colburn, having this day been presented to me and same being read and considered; It is the Judgment and Order of this Court that the Motion for a new trial be continued and set for a hearing on the 8th day of October, 1958.

"This the 1st day of September, 1958.

"Bob Moore, Jr.,
Judge"

On 8 October 1958 an order was entered denying the motion for a new trial.

However, it further appears that the motion for a new trial, and the above order of Judge Moore of 1 September 1958 setting the hearing on the motion was not filed with the circuit clerk until 10 October 1958.

If the order overruling the motion was void and of no effect because the motion for a new trial was not filed with the clerk within thirty days of the rendition of the judgment, then the motion of the Attorney General is well taken and must be granted.

Section 119, Title 13, Code of Alabama 1940, provides in pertinent parts: "and after the lapse of thirty days from the date on which a judgment * * * was rendered, the court shall lose all power over it * * * unless a motion to * * grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; provided that in any county in which the trial judge did not reside on the date of the trial such motion may be filed in the office of the clerk * * * of the court of the county having jurisdiction of said cause, within thirty days from the date of the rendition of the judgment * * * and the court shall lose all power over it sixty days after the date of the rendition of such judgment * * * unless such motion is called to the attention of the court and an order entered continuing it for hearing to a future date."

■ However, in case of a nonresident judge, Section 119, supra, does not extend the time for *filing* a motion for a new trial. Esdale v. State, 37 Ala.App. 48, 68 So.2d 512.

In Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 26 Ala.App. 136, 155 So. 710, the trial judge, a resident of Lee County, had made timely orders continuing the hearing on a motion for a new trial in a case tried in Tallapoosa County, within his judicial circuit. None of these orders was filed with the clerk in Tallapoosa County, nor entered in the minutes within the time such orders were due to be made, but were filed afterwards.

On appeal this court held that the orders of the trial judge continuing the motion made in a county other than the county of

trial and not filed with the clerk nor made known to attorney for the adversary party were ineffective to keep the motion alive.

On certiorari, see 229 Ala. 91, 155 So. 716, 717, the late Judge Foster wrote as to this point:

"But there is no compliance with section 6670, Code, (now Section 119, Title 13, Code of Alabama 1940) unless the order of continuance is 'entered.' For the statute so expressly states. And whether it be so stated or not, it may be doubtful if an order made by a judge is effective until it is filed with the clerk as a part of the public records, so as to afford notice to the parties.

"But whether so without the statute, section 6670 is particular to prescribe the entry of the order as necessary. So that not only the judicial act of so directing is necessary, but the ministerial act of its entry is also necessary. We have held that the entry here meant is the act of delivering it to the clerk to be filed, or of writing it on the motion docket or minutes. Ex parte Margart, 207 Ala. 604, 93 So. 505; Falley v. Falley, 163 Ala. 626, 50 So. 894.

"When the judge makes the order and delivers it to another to be entered, but the latter withholds it from the files without first depositing it with the clerk, so that it may become public and known to all interested parties, and retains it until the time expires in which it may be entered, the order never takes effect."

This doctrine necessitates the conclusion that the order of the judge below overruling the motion for a new trial was void, in that the motion for a new trial was not filed with the clerk below within thirty days of the rendition of the judgment, and in fact was not filed until two days after the abortive order denying it.

Under the provisions of Sections 827(1)– 827(6), Title 7, Code of Alabama 1940,

(Pocket Part) the court reporter's transcript of the evidence must be filed with the clerk of the circuit court within sixty days from the date the appeal was taken or the motion for a new trial is ruled upon, whichever is later.

█ The proceedings relative to a motion for a new trial being ineffective in this case, the time for filing the transcript of the evidence must be reckoned from the date on which appeal was taken, there being no extension of time granted by the court for such filing. This date was 29 August 1958. Relf v. State, 267 Ala. 3, 99 So.2d 216.

The transcript of the evidence was filed with the circuit court on 8 December 1958, some one hundred days after the date of appeal. It should have been filed on or before 28 October 1958.

The motion to strike the transcript of the evidence is well taken and must be, and hereby is, granted. Relf v. State, supra; McDaniel v. State, 39 Ala.App. 157, 96 So.2d 319.

Where, as here, the appellant's transcript of the evidence was not timely filed in the court below, he had sixty days after the transcript could, or should have been filed in the lower court, or sixty days from 28 October 1958, in the absence of any extensions of time for such filing granted by the court below or this court under appropriate procedures. Relf v. State, supra; Supreme Court Rule 37, Code 1940, Tit. 7 Appendix.

█ The entire record therefore should have been filed in this court on or before 28 December 1958. It was not filed until 20 January 1959.

The motion to strike this record and to dismiss this appeal is granted.

Appeal dismissed.

### On Rehearing

This appellant has filed an application for rehearing, and has also moved to "re-

instate his case on the docket and grant him a hearing on the merits."

Ground 1 asserts that date of filing the motion in the clerk's office, as shown by the record, is erroneous.

The remaining grounds assert various matters of excuse for delay in filing the record in the court below, such as the court reporter being involved in preparing transcripts in other cases, or the involvement in other matters of the former attorney representing the appellant at the trial.

 Under the provisions of Section 827(1a), Title 7, Code of Alabama 1940, the period of time within which the reporter must file the transcript may be extended by the trial court for cause. No application for extension of time for filing the transcript was requested of the court below. The matters set forth in the motion in excuse for the late filing of the transcript, and the letters and affidavits in support thereof should have been addressed to the court below upon a motion filed below seeking an extension of time for filing the transcript with the clerk below. Such matters cannot be considered by us. Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247.

Ground 1 of the motion for rehearing, asserting that the date of the filing of the motion for the new trial with the clerk below is erroneous as it appears in the record, would necessitate our consideration of matters de hors this record.

An appellant is charged with the duty of presenting a correct record to an appellate court. Weldon v. State, 21 Ala. App. 357, 108 So. 270; Lipscomb v. State, 37 Ala.App. 379, 68 So.2d 862.

We can deal on review only with the record as filed by the appellant. Garrett v. State ex rel. Matthews, 235 Ala. 457, 179 So. 636.

An appellate court is bound by the record, and such record may not be impeached by affidavits, or otherwise, by matters de hors the record. Teal v. State, 30 Ala.App. 109, 1 So.2d 316; and evidence or matters de hors the record are not subject to consideration. Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633.

Application overruled.