119 So.2d 884

**Arthur Floyd JOHNSON**

**v.**

**STATE of Alabama ex rel. George C. JOHNSON, Solicitor, et al.**

**8 Div. 5.**

Supreme Court of Alabama.

April 21, 1960.

Beddow, Gwin & Embry, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for appellee.

LAWSON, Justice.

This proceeding was instituted in the Circuit Court of Morgan County, in Equity, by the State on the relation of the Solicitor of

the Eighth Judicial Circuit and the Solicitor for the "Morgan County Court of Morgan County" to abate an alleged liquor nuisance.

The appeal is by the respondent, Arthur Floyd Johnson, from a final decree wherein he is permanently enjoined from maintaining a liquor nuisance at 14½ Lafayette Street, N.W., in the City of Decatur.

■ Waiving other questions presented, we are of the opinion, after a careful consideration of the evidence, that it is not sufficient to support a finding that the respondent "is now maintaining or has within six months next immediately preceding the filing of this bill of complaint, a liquor nuisance in and upon said premises herein described, or has knowingly permitted and assented to the maintenance of such nuisance on such premises * * *"·as alleged in the bill of complaint. §§ 97, 145, Title 29, Code 1940.

The relevant, material, competent and legal evidence is substantially as hereafter summarized.

The structure known as 14½ Lafayette Street, N.W., is a store building situated in the heart of the business district of the City of Decatur. The respondent and his family occupy the second floor, to which admittance can be gained only by ascending a steep flight of stairs that lead from an alley to the rear of the upper story of the building.

The law enforcement agencies of Decatur and Morgan County have entertained the view for many months that the respondent was selling liquor by the drink in his living quarters, which we will sometimes hereafter refer to as the apartment.

Various officers have watched the respondent's premises. They have patrolled the area several times a day over a period of many months. They have searched the respondent's apartment on numerous occasions.

They have never found any intoxicating beverages in the apartment or any person in the apartment who appeared to be drinking.

No one testified that he ever saw an intoxicating beverage sold or in any way disposed of in the apartment.

There is testimony to the effect that on one or two occasions when the officers came to the apartment to make a search they were not readily admitted, and after gaining admittance detected an odor of alcohol in the kitchen sink and in containers in the kitchen.

■ This evidence at best tends to show possession, but possession of intoxicating liquors or beverages in a building used exclusively for a dwelling is not prima facie evidence that they are kept for sale. Cooley v. State, 262 Ala. 136, 77 So.2d 488.

A number of persons were arrested in the alley, charged with public drunkenness. Some of them were sitting or standing on the steps leading to respondent's apartment. One of them was arrested on the platform at the top of the steps as he was trying to gain admittance to the apartment. But there is nothing in the evidence to connect those persons with the apartment except they were arrested in close proximity thereto.

It does not seem reasonable to conclude that this respondent furnished the whiskey or other intoxicating beverage to these drunks simply because they were arrested in the vicinity of his residence.

The evidence shows that the alleys and other vacant areas in the block in which respondent resides are frequented by drunks and other undesirable persons. A woman who lived only a few feet from respondent's apartment was shown to have been a seller of intoxicating liquors during the period of time here involved. She was serving a sentence in jail at the time this case was tried because of such activity.

There is testimony from officers to the effect that they have seen a number of people going to and from the apartment, some of whom appeared to have been drinking.

If we understand the record correctly, only one arrest followed and that was of an unidentified person who was arrested after entering the rear of a poolroom located across the alley from the steps to respondent's apartment. There is no direct testimony going to show that this person obtained any whiskey or other intoxicating beverage in respondent's apartment.

Two persons were questioned and searched by the officers shortly after leaving the respondent's apartment. Neither of them showed any indication of having been drinking. Both of them were carrying fish, according to the officers. Both of those persons testified in this case to the effect that they had bought the fish from the respondent. And the evidence shows without dispute that the respondent had for a number of months worked at least part time as a commercial fisherman.

None of the other persons whom the officers say they saw leaving the apartment were identified. The officers did not know who they were, where they lived or where they worked. They have made no effort to interrogate those persons concerning the purpose of their visit to the apartment, although the officers at the time were seeking information with which to confirm their suspicion that respondent was illegally selling liquor.

The statement which officers Wallace and Abercrombie say respondent made to them cannot under the circumstances be seriously considered as an admission of guilt.

The evidence in the instant case is in our opinion weaker than that presented in the case of Cooley v. State, 262 Ala. 136, 77 So.2d 488, wherein we held the evidence to be insufficient to show the maintenance of a liquor nuisance subject to abatement. See also Livingston v. State ex rel. Wright, 264 Ala. 331, 86 So.2d 876.

Accordingly, a decree will be here rendered denying relief and dismissing the cause.

Reversed and rendered.

SIMPSON, STAKELY and MERRILL, JJ., concur.