125 So.2d 3

**Hoyt A. CANADY**

v.

**STATE.**

**7 Div. 614.**

Court of Appeals of Alabama.

Dec. 6, 1960.

Frank B. Embry, Pell City, and Gerald Swann, Ashville, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of buying, receiving; concealing, etc., stolen property.

The Attorney General has filed a motion. to strike the transcript of the evidence because not timely filed with the Circuit Clerk, and in the alternative has moved that the entire record be stricken and the appeal dismissed because the record was not filed here within the time required by law.

Section 827(4), Title 7, Code of Alabama 1940, as amended, provides that the transcript of the evidence must be filed with the clerk below within sixty days from the date the appeal is taken, or within sixty days from the court's ruling on the motion for a new trial, whichever is later.

The instant appeal was taken on January 20, 1960, a motion for a new trial was made on February 18, 1960, and duly and legally continued until March 17, 1960. No further orders pertaining to the motion were made until April 28, 1960, at which time it was overruled. The motion for a new trial, therefore, became discontinued and the order overruling the motion was of no effect. Relf v. State, 267 Ala. 3, 99 So.2d 216; Clark v. State, 38 Ala.App. 480, 87 So.2d 669; McVey v. State, 38 Ala.App. 327, 82 So.2d 926; Holcombe v. State, 40 Ala.App. 205, 110 So.2d 342.

Since the court's order denying the motion for a new trial was void, the time in which the transcript of the evidence must be filed is to be computed from January 20, 1960, the date of the taking of the appeal. The transcript of the evidence was not filed until May 26, 1960.

The motion to strike the transcript of the evidence is well taken and must be granted.

The appellant had sixty days from the time the transcript of the evidence could or should have been filed in the circuit court in which to file the record proper in this court. Supreme Court Rule 37, Code 1940, Title 7 Appendix; Relf v. State, supra; Holcombe v. State, supra; Colburn v. State, 40 Ala.App. 248, 112 So.2d 800.

The transcript of the evidence could or should have been filed not later than March 21, 1960, and the entire record should have been filed in this court within sixty days thereafter. The record was not filed in this court until June 22, 1960.

No extension of time for filing either the transcript of the evidence or the transcript of the record was applied for or granted.

The motion to strike the entire record must be granted and the appeal dismissed.

Appeal dismissed.