166 So.2d 429

**Luther E. HARRISON**

v.

**Gilbert A. MABRY.**

**8 Div. 937.**

Court of Appeals of Alabama.

May 19, 1964.

Rehearing Denied June 30, 1964.

Watts, Salmon, Roberts & Stephens, Huntsville, for appellant.

Camp & Smith, Huntsville, for appellee.

JOHNSON, Judge.

This is an appeal from an order overruling appellant's motion for a new trial in the Circuit Court of Madison County, Alabama. Judgment was rendered for the appellee in the lower court on March 5, 1962. Appellant's motion for a new trial was duly filed in the Circuit Court on April 2, 1962, and said motion was duly and legally continued to the 27th day of April, 1962. On the 20th day of April, 1962, the hearing on the motion for new trial was further continued until the 8th day of May, 1962. The record fails to disclose any further action taken on the motion for new trial until the 5th day of March, 1963, at which time said motion was overruled. Notice of appeal from the judgment of the Circuit Court of Madison County, Alabama, overruling his motion for a new trial was given by the appellant on the 3rd day of September, 1963.

■ As no further order to duly and legally continue the motion for a new trial was made on or before the 8th day of May, 1962, the motion became discontinued and the order of the Circuit Court overruling the motion on the 5th day of March, 1963, was void. Canady v. State, 41 Ala.App. 170, 125 So.2d 3; Relf v. State, 267 Ala. 3, 99 So.2d 216; Clark v. State, 38 Ala.App. 480, 87 So.2d 669. First Nat. Bank of Lawrenceburg, Tenn. v. Morrow, 19 Ala. App. 459, 98 So. 34.

■ Sec. 788, Tit. 7, Code of Ala., 1940, as amended, provides that appeals of this nature must be taken within six months from the rendition of the judgment or decree. Since the motion for a new trial was discontinued, the time limitation for taking an appeal would have been six months from the date of judgment or March 5, 1962. As notice of appeal was not given within the six month period, the appeal is not timely.

■ The failure of the appellee to file a motion to dismiss the appeal does not bar this court from doing so on its own motion. In Journequin v. Land, 235 Ala. 29, 177 So. 132, the Supreme Court held:

"Appellee's motion to dismiss the appeal, filed after submission of the cause here, likewise came too late. But a jurisdictional question is presented. Our authorities are to the effect that an appeal taken after the time prescribed by the statute will be dismissed ex mero motu, as the court is without jurisdiction for consideration of the cause. Irwin v. Weil, 228 Ala. 489, 153 So. 746; Carlisle v. Carmichael, 222 Ala. 182, 131 So. 445; Wetzel v. Dixon, 227 Ala. 46, 148 So. 857."

The appellant having failed to perfect his appeal within the time prescribed by our statute requires that the appeal be dismissed.

Appeal dismissed.