BEATTY, Justice.
Defendant appeals from an order of the Madison County Circuit Court denying her motion to set aside a permanent injunction and a decree ordering that certain premises owned by her be padlocked. We reverse and remand.
In 1975 defendant Mary Allen and several other persons consented to the issuance of a permanent injunction prohibiting them from operating an “unlawful drinking place” and from maintaining a “liquor nuisance” on certain described premises. See Code of 1975, § 28-4-l(3)-(9). In July of 1977 one of the parties (not this defendant) subject to the 1975 injunction was cited for contempt of court for persisting in maintaining a liquor nuisance on the property. The building on the premises was ordered padlocked to enforce the court’s original injunction, and the district attorney was given the authority to inspect the property periodically without a search warrant and without notice to any party. Defendant in the instant case petitioned the circuit court in October of 1977 to dissolve the injunction. She alleged that she was now the sole owner of the property and that she would use it only for lawful purposes. The petition was denied on December 22, 1977. Defendant Allen alleges that at some time during the spring of 1978, however, she received oral permission from the circuit court to re-open the premises for a lawful purpose, and that in fact the building was re-opened and used as a store by defendant. On January 5, 1979, the court ordered the premises re-padlocked, having found that defendant, without the court’s permission, had established a retail beer sales outlet in the building. Defendant then moved the court to set aside the injunction and to lift the order requiring that the premises be padlocked, requesting an immediate hearing. In support of her motion, defendant attached her own affidavit, in which she stated that she was given permission to re-open the premises by the court and that she was operating a lawful business at the time of the 1979 padlock order. In particular, she averred that she was legally selling beer, having acquired a license to do so from the City of Huntsville. The motion was denied by the trial court on January 23, 1979.
The trial judge’s order discloses that he apparently considered only defendant’s motion and affidavit in determining that the motion to set aside the injunction and padlock order should be denied. Because the evidence (/. e., defendant’s affidavit) appears from the record to have been uncon-tradicted that defendant was operating her business within the law, we find no basis for the trial court’s denial of the motion to set aside the injunction. The injunction, by its terms, restrained defendant from maintaining or operating an unlawful drinking *MXXIV place and a liquor nuisance as those terms are defined in Code of 1975, § 28-4-1. What, if anything, defendant was doing in violation of the law has not been demonstrated to this Court. In addition, we are constrained to reverse the circuit court’s order to padlock the premises, for the record before us does not disclose the necessity for such a drastic remedy. This Court, in Smith v. State ex rel. Sullinger, 265 Ala. 138, 90 So.2d 225 (1956), considered the seriousness of padlock orders and enunciated a standard for trial courts which wish to utilize them:
“Padlocking, a severe remedy depriving one of the use of his property for lawful purposes, should be exercised only as a necessary measure to enforce the law. Where the party is shown by his conduct to be a persistent violator of the law, determined to evade it, padlocking is proper, but to be modified when it sufficiently appears the property will not be again employed in the conduct of a liquor nuisance.” [265 Ala. at 140, 90 So.2d at 227, quoting Garrett v. State ex rel. Matthews, 235 Ala. 457, 179 So. 636 (1938).]
Applying the rule of Smith to this case, it is our considered opinion that the case must be remanded to the circuit court to allow that court the opportunity to conduct a hearing in which evidence from both parties is taken concerning the presence of any continuing unlawful establishment on the property, as well as any evidence relevant to the question whether a padlock order is necessary under these circumstances. The order of the circuit court is, accordingly, reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.