Rel: May 5, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

## CL-2023-0191

_____

**Ex parte Lamar OCI South, LLC**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Emmanuel M. Chijioke**

**v.**

**Lamar OCI South, LLC)**

**(Talladega Circuit Court, CV-22-900354)**

FRIDY, Judge.

Lamar OCI South, LLC ("Lamar"), has filed a petition for a writ of mandamus asking this court to direct the Talladega Circuit Court ("the circuit court") to vacate its order permitting Emmanuel M. Chijioke's

appeal of a Talladega District Court ("the district court") judgment in favor of Lamar to go forward. For the reason set forth herein, we deny the petition.

Chijioke, appearing pro se, litigated an action against Lamar in the district court in connection with a dispute over the amount of rent owed for a billboard that Lamar had placed on land Chijioke owned. On September 30, 2022, the district court entered a judgment in favor of Lamar and stated that Chijioke had fourteen days from the date of that judgment to appeal to the circuit court.

On October 17, 2022, Chijioke, still appearing pro se, filed a notice of appeal to the circuit court. On November 16, 2022, the circuit court dismissed the appeal as untimely. On November 28, 2022, Chijioke, still appearing pro se, filed a "motion to reconsider." The circuit court set the motion for a hearing. Chijioke retained an attorney who, before the hearing, filed a brief in support of the motion to reconsider. In the brief, Chijioke explained that on Friday, October 14, 2022, he went to the district clerk's office and "was informed by the staff at the Clerk's Office that he needed to speak to the District Judge to waive [] costs to perfect the appeal." Chijioke said that he walked to District Judge Jeb Fannin's

2

office, where he was told that Judge Fannin was out and was not likely to return that day. Chijioke explained further in his brief that on Monday, October 17, 2022, he returned to Judge Fannin's office and received approval to have the costs of appeal waived. He stated that he then returned to the district clerk's office and filed the notice of appeal.

On February 6, 2023, after the hearing on the motion to reconsider, the circuit court entered a judgment stating that it had received testimony from Chijioke regarding the circumstances leading to the filing of the notice of appeal and noting that Chijioke had been unable to file the notice of appeal based on statements that the district-clerk's employee had made to him. The circuit court found that "it would be unfair and unjust to dismiss [Chijioke's] appeal based on the action taken by [him] in his good-faith attempt to perfect the appeal." The circuit court granted the motion to reconsider and returned Chijioke's appeal to its active docket.

On March 23, 2023, Lamar filed a petition for a writ of mandamus, seeking to have this court direct the circuit court vacate its order reinstating Chijioke's appeal. We first note that the mandamus petition was filed more than 42 days after the entry of the February 6, 2023, order

3

it challenges. Generally, a mandamus petition must "be filed within a reasonable time." Rule 21(a)(3), Ala. R. App. P. The presumptively reasonable time for filing a petition for a writ of mandamus is the same as the time for taking an appeal, which is usually forty-two days from entry of a judgment of the circuit court. Rule 4(a)(1), Ala. R. App. P.

However, our supreme court has held that a petition for a writ of mandamus that challenges the jurisdiction of a court to enter the order sought to be vacated need not be filed within the presumptively reasonable time set forth in Rule 21. See Ex parte K.R., 210 So. 3d 1106, 1112 (Ala. 2016) (holding that, "even though [the] mandamus petition [was] untimely filed, we will consider [the] argument ... because it concerns the jurisdiction of the probate court, of which we may take notice ex mero motu"). Because Lamar's mandamus petition challenges the jurisdiction of the circuit court to consider Chijioke's appeal, we will consider it.

> "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."

Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995).

4

In its petition, Lamar argues that "[t]here is no legal authority authorizing a circuit court to exert subject-matter jurisdiction over a late-filed appeal on the grounds a party relied upon 'advice received from the Clerk's Office' in delaying the filing of a notice of appeal." However, in a case comparable to his one, our supreme court held that equity demands recognition of a filer's good-faith attempt to timely file a notice of appeal when that attempt has been thwarted by the clerk's failure to accept the notice. See Ex parte G.L.C., 281 So. 3d 401, 407 (Ala. 2018).

In G.L.C., a mother attempted to file a notice of appeal of a judgment entered in a juvenile action in the circuit clerk's office but was told that she had to go "downstairs," apparently to the juvenile division of the circuit clerk's office. However, the doors to that division were locked when she went "downstairs." When she attempted to leave the notice of appeal with someone else in the courthouse, she was told that she would have to wait until the next day, which was one day beyond the period in which she was required to file a timely notice of appeal. The mother returned to the courthouse the next day, where the circuit clerk's office accepted her notice of appeal and stamped it filed.

5

The juvenile court held a hearing on the timeliness of the mother's notice of appeal and, ultimately, determined that the notice of appeal was filed one day beyond that period for the mother to file a timely notice of appeal. This court dismissed the mother's appeal as untimely; however, our supreme court reversed this court's judgment, writing that, under the particular facts of the case, principles of equity demanded that the mother's notice of appeal be deemed timely filed and pointing out the long-standing principle that "a filer cannot be prejudiced by the clerk's failure to 'do their part' once a document has been delivered to the clerk's office for filing." Id. at 407; see also Falley v. Falley, 163 Ala. 626, 50 So. 894 (1909).

The G.L.C. court also relied on Sparks v. Alabama Power Co., 679 So. 2d 678, 681 (Ala. 1996). In Sparks, the supreme court concluded that an attorney who had relied in good faith on information supplied by a circuit-court employee from that office's computer system could not be penalized for using that information, which had resulted in a miscalculation of the due date for a notice of appeal. The Sparks court explained that Rule 1, Ala. R. Civ. P., and Rule 1, Ala. R. App. P., provide that the rules of court "must be construed to assure the just

6

determination of every action" and require that "every litigant must receive fair and just treatment from the court system of this State." 679 So. 2d at 681. Thus, the Sparks court deemed the notice of appeal to have been timely filed.

In this case, on the day Chijioke initially attempted to file his notice of appeal, the filing would have been timely. The district clerk's office directed him to the district-court judge's office to obtain a waiver of the costs of appeal, but, because the judge was not in the office that day, Chijioke was unable to obtain the waiver. Chijioke obtained the necessary waiver the next business day and filed the notice of appeal then. As the circuit court pointed out when it deemed the appeal as having been timely filed, it would have been "unfair and unjust" to dismiss Chijioke's appeal when he had made a good-faith effort to perfect the appeal and was unable to do so merely because the judge who could authorize the waiver of costs was not available that day. G.L.C. supports the circuit court's ruling.

Because the circuit court did not err in deeming the notice of appeal as timely and in reinstating the appeal to its docket, Lamar is not entitled

to the relief requested. Accordingly, its petition for a writ of mandamus is denied.

PETITION DENIED.

Thompson, P.J., and Moore, Edwards, and Hanson, JJ., concur.